**Ex parte Jack Lee STEESE.**

**No. 43644.**

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Wm. F. Stolhandske, Robert B. Thornton, San Antonio, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding (Art. 11.07 Vernon's Ann.C.C.P.) attacking the conviction in Cause No. 58420 in the Criminal District Court (now 144th District Court) of Bexar County in which the petitioner was convicted of robbery by assault with punishment enhanced under Art. 63 P.C. by a prior conviction for "swindling over $50 by check" and a prior conviction for burglary with intent to commit theft.

Following a hearing in the convicting court, the judge presiding in said court found that in the burglary case used for enhancement appellant was denied counsel at the time he entered his plea of guilty in said cause and did not intelligently waive counsel; and further found and concluded that the prior conviction in the swindling case was fatally defective because of the fact that appellant's probation was revoked and he was denied counsel on the hearing to revoke.

Our able State's Attorney concedes that the evidence is sufficient to support the findings of the district judge, and that petitioner is entitled to relief from the life sentence under which he is confined, but is not entitled to discharge, he not having served the maximum punishment which could have been assessed in Cause No. 58420 for the primary offense of robbery by assault. We agree.

It is ordered that petitioner be released from further confinement under the life sentence imposed in Cause No. 58420 in Criminal District Court (now the 144th District Court) and that he be delivered to the Sheriff of Bexar County to answer the indictment in said cause.