**Ex parte John Clayton WILLIAMS.**

**No. 44352.**

Court of Criminal Appeals of Teaxs.

July 7, 1971.

Sam A. Westergren, Corpus Christi, for petitioner.

Wm. B. Mobley, Jr., Dist. Atty. and Victor Gillespie, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a habeas corpus proceeding by an inmate of the Texas Department of Corrections. The findings of fact and conclusions of law of the trial court, as well as the evidence at the habeas corpus hearing, reflect the following facts:

On October 17, 1951, petitioner pled guilty to felony theft in Cause No. 8,015 in a District Court of Cameron County, and he was found guilty and placed on probation. On August 25, 1952, petitioner's probation was revoked in Cause No. 8,015 in Cameron County. At the time of such revocation, petitioner was not represented by an attorney, he was indigent and could not afford counsel to represent him at the revocation hearing, and he did not waive his right to counsel.

Thereafter, on June 14, 1961, in Cause No. 10,822 in Nueces County, petitioner was convicted of burglary as a third offender, under Art. 63, Vernon's Ann.P.C., with the prior Cameron County conviction being alleged for enhancement along with a prior burglary conviction. Petitioner contends that the Cameron County conviction could not properly be used to enhance his sentence in the Nueces County conviction.

The habeas corpus court found that petitioner did not have an attorney and did not waive his right to counsel at the revocation of probation hearing in Cameron County, and that he was indigent at that time. The court also found that petitioner has accumulated in excess of twelve years in the Department of Corrections. The judge finally concluded that petitioner was

entitled to relief as the Cameron County conviction could not constitutionally be used for enhancement in the subsequent third offender trial.

Ex parte Bird, Tex.Cr.App., 457 S.W.2d 559 and Ex Parte Auten, Tex.Cr.App., 458 S.W.2d 466, control the disposition of this habeas corpus proceeding. It is clear that petitioner's sentence in the Nueces County conviction enhanced under the provisions of Art. 63, supra, cannot stand. As it appears that petitioner's credit for time served is in excess of twelve years, the maximum penalty for burglary as a second offender under Art. 62, V.A.P.C., he is, therefore, ordered released from confinement under this conviction.