**Ex parte Larry Earl RENO.**

**No. 45243.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Mike Barclay, Dallas, for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an application for writ of habeas corpus by an inmate of the Texas Department of Corrections. In order not to unnecessarily lengthen this opinion, see Ex parte Reno, Tex.Cr.App., 463 S.W.2d 17, for the issues involved.

■ After this Court denied his application without prejudice to return to the trial court under Art. 11.07, Vernon's Ann. C.C.P., see supra, the Petitioner reapplied to the trial court alleging that he was indigent, without counsel, and did not waive counsel in the Alabama revocation of probation proceeding, which conviction was used for enhancement in the cause at bar. The trial court found that Petitioner was indigent, did not have counsel, was not informed of his right to counsel, and that Petitioner did not know he could have counsel appointed if he were indigent, but denied the application because the trial judge did not believe Petitioner's testimony, even though it was undisputed. It has been made to appear that Petitioner did not waive counsel, was indigent and was not represented by counsel in the Alabama hearing.

This Court is bound by the decisions of the United States Supreme Court. Under the decisions of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336; and McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, Petitioner is entitled to relief. See also Fuller v. State, Tex.Cr.App., 435 S.W.2d 515; Hasley v. State, Tex.Cr.App., 442 S.W.2d 739; Crawford v. State, Tex.Cr.App., 435 S.W.2d 148; and Ex parte Steese, Tex.Cr. App., 459 S.W.2d 850.

■ The Petitioner has not served the maximum punishment which could be imposed for the offense of robbery by assault; therefore, he is not entitled to be discharged from confinement. See Ex parte Williams, Tex.Cr.App., 468 S.W.2d 812.

Petitioner is ordered released from confinement by the Department of Corrections and ordered delivered to the sheriff of Dallas County there to answer the primary count of the indictment there pending against him. See Ex parte Fuller, 435 S.W. 2d 515.