**Ex parte Nicholas Ramos HERRERA.**

**No. 46922.**

Court of Criminal Appeals of Texas.

May 1, 1973.

Friday & Kazen by Philip C. Friday, Jr., Austin, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P., by an inmate of the Texas Department of Corrections. See Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

The record reflects that the petitioner was convicted in 1969 of the primary offense of possession of heroin in the 147th District Court and his punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life. His conviction was affirmed in Herrera v. State, 462 S.W.2d 597 (Tex.Cr.App.1971).

 Upon an evidentiary hearing in the convicting court following the filing of an application for habeas corpus, the court found that evidence supported the petitioner's allegation that in one of the two prior burglary convictions alleged for enhancement (Cause No. 27,744, 53rd District Court), he was without counsel at the time of the revocation of probation in such cause; that at such time he was indigent, and had not waived the right to counsel.

We are in agreement with the trial court's findings and conclude that the petitioner is entitled to the relief he seeks. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) (applied retroactively in McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968)); Crawford v. State, 435 S.W.2d 148, 155 (Tex.Cr.App. 1968); Ex parte Fletcher, 442 S.W.2d 705 (Tex.Cr.App.1969); Ex parte Fuller, 435 S.W.2d 515 (Tex.Cr.App.1969); Eiland v. State, 437 S.W.2d 551 (Tex.Cr.App.1969); Ex parte Buffington, 439 S.W.2d 345 (Tex. Cr.App.1969); Ex parte Bird, 457 S.W.2d 559 (Tex.Cr.App.1970); Ex parte Williams, 468 S.W.2d 812 (Tex.Cr.App.1971);

Ex parte Reno, 477 S.W.2d 292 (Tex.Cr. App.1972), and Ex parte Steese, 459 S.W.2d 850 (Tex.Cr.App.1970).

The petitioner has not served the maximum punishment which could be imposed for the offense of possession of heroin; therefore, he is not entitled to be discharged from confinement. Ex parte Williams, supra; Ex parte Reno, supra.

Petitioner is ordered released from confinement by the Department of Corrections and ordered delivered to the Sheriff of Travis County to answer the primary count of the indictment pending against him in this cause.[1]

It is so ordered.

---

1. Since the remaining prior conviction alleged for enhancement is for burglary, the judgment cannot be reformed under the provisions of Article 62, Vernon's Ann. P.C., since burglary and possession of heroin are not like or similar offenses, and, for the same reason, this prior conviction cannot be used for enhancement under Article 62, supra, in the event of a re-trial upon the instant indictment.