## Ex parte Aaron COOPER.

### No. 46821.

Court of Criminal Appeals of Texas.

May 1, 1973.

---

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an application for writ of habeas corpus by an inmate of the Department of Corrections. Petitioner was convicted in Criminal District Court No. 2 of Harris County, on May 5, 1965, for the offense of felony theft, in Cause No. 110646. Petitioner's convictions, in the Criminal Division of the 1st Judicial District Court of Caddo Parish, Louisiana, in Cause No. 52016, for auto theft, a felony on May 27, 1958, and in Cause No. 55517, for felony theft on August 2, 1960, were used for the purpose of enhancement under Art. 63, Vernon's Ann.P.C. Petitioner was sentenced to life imprisonment on May 5, 1965.

Under Art. 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex.Civ.App., 418 S.W.2d 824, petitioner applied for writ of habeas corpus to the trial court alleging that both of the Louisiana convictions used for enhancement were void and unavailable for enhancement in that at the time of both of said convictions, petitioner was indigent, was not represented by counsel. and did not waive counsel.

A hearing was held before the Honorable William M. Hatten, Judge of the 176th District Court (formerly Criminal District Court No. 2 of Harris County), and findings were entered that petitioner was indigent, did not have counsel, was not informed of his right to counsel and did not knowingly and intentionally waive his right to be represented by counsel in both Louisiana convictions relied on for enhancement.

The court's findings were based upon the uncontroverted testimony of petitioner and the minutes from the First Judicial District Court of Louisiana relative to the two convictions.

Prior convictions cannot be used for enhancement purposes where such convictions are subsequently rendered void upon a determination that petitioner was denied the Sixth Amendment right to counsel. See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Ex parte Reno, Tex. Cr.App., 477 S.W.2d 292.

We conclude that the findings of the trial court are supported by the evidence, and that the petitioner is entitled to relief.

The petitioner has not served the maximum punishment which could be imposed for the offense of felony theft; therefore, he is not entitled to be discharged from confinement. Ex parte Reno, supra; Ex parte Williams, Tex.Cr.App., 468 S.W.2d 812.

Petitioner is ordered released from confinement by the Department of Corrections and ordered delivered to the Sheriff of Harris County to answer the primary offense alleged in the indictment pending against him in Cause No. 110646.

Opinion approved by the Court.

ODOM, J., not participating.