Ex parte Oscar HARRIS, Jr.

No. 46955.

Court of Criminal Appeals of Texas.

May 30, 1973.

**232**

Oscar Harris, Jr., pro se.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with the holding in Ex parte Young, Tex.Cr.App., 418 S.W.2d 824. The petitioner is confined under sentence in Cause No. 181695, of the 180th District Court of Harris County, on September 5, 1972, ordering his confinement for not less than five years nor more than fifteen years. The punishment assessed was upon conviction under an indictment charging appellant with burglary by the discharge of a firearm into a house. See Article 1393, Vernon's Ann.P.C. The record reflects that petitioner entered a plea of guilty after the enhancement portion of the indictment alleging two prior convictions for felonies less than capital had been dismissed on motion of the State.

An order denying relief without hearing on petitioner's writ was entered by the trial court on February 19, 1973.

Under Article 1397, V.A.P.C., one convicted of burglary "shall be confined in the penitentiary not less than two nor more than twelve years." Thus, the punishment assessed petitioner was not authorized and the sentence is void. See Ex parte Jackson, Tex.Cr.App., 490 S.W.2d 586; Ex parte Ramsey, Tex.Cr.App., 472 S.W.2d 145; Ex parte Taylor, Tex.Cr.App., 462 S.W.2d 41.

The petitioner has not served the maximum punishment which could be imposed for the offense of burglary; therefore, he is not entitled to be discharged from confinement. Ex parte Reno, Tex.Cr.App., 477 S.W.2d 292; Ex parte Williams, Tex. Cr.App., 468 S.W.2d 812.

Petitioner is ordered released from confinement by the Department of Corrections and ordered delivered to the Sheriff of Harris County to answer the offense alleged in the indictment pending against him in Cause No. 181695.

Opinion approved by the Court.