NO. 07-05-0204-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 26, 2005


 ______________________________



RONALD THOMAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A15178-0310; HONORABLE ROBERT W. KINKAID, JR., JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Ronald Thomas brought this appeal from his conviction for possession of a
controlled substance. Based on a finding by the trial court that appellant no longer wishes
to prosecute the appeal, we will dismiss. 

 We previously ordered the appeal abated for a hearing, in accordance with Texas
Rule of Appellate Procedure 38.8(b), to determine whether appellant desires to prosecute
the appeal and, if so, whether he is indigent and entitled to appointed counsel. See
Thomas v. State, No. 07-05-0204-CR, 2005 Tex.App. LEXIS 7933, (Tex.App.-Amarillo,
no pet.) In conformity with our September 28, 2005 order, the trial court gave notice of a
hearing, which was held on October 12, 2005. Appellant appeared at the hearing. The
trial court found that appellant does not wish to proceed with this appeal. 

 In accordance with the trial court's finding and, without addressing the merits, we
dismiss this appeal. Tex. R. App. P. 38.8(b)(4), 43.2(f). 


 Mackey K. Hancock

 Justice



Do not publish. 



nd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-08-0394-CV
NO. 07-09-0111-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 14, 2009

______________________________


JOHN ROBERT WHIRTY, APPELLANT

v.

JOE GRIMES AND TAYRN COMPTON, APPELLEES

_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 96099-D; HON. DON EMERSON, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Robert Whirty, appearing pro se and in forma pauperis, is incarcerated
in a secure corrections facility operated by the Texas Department of Criminal Justice. 
Through two issues, he appeals an order of the trial court dismissing his suit against
department employees Joe Grimes and Tyran Compton under chapter 14 of the Civil
Practice & Remedies Code


 and denying his motion for post-conviction relief. We will
affirm in part and dismiss the appeal in part.
Background
          Whirty filed suit against Grimes and Compton alleging they converted his prison
craft shop personal property. Grimes and Compton filed a motion to dismiss under chapter
14. As grounds for dismissal, they alleged Whirty’s suit was frivolous and malicious
because it was barred by the doctrine of sovereign immunity. Further, they asserted Whirty
did not file a certified copy of his inmate trust account statement and failed to exhaust
administrative remedies as required by chapter 14. 
          The trial court conducted a hearing attended by Whirty and counsel for appellees. 
At the hearing, the parties presented their motions which the court took under advisement. 
It subsequently signed an order granting the chapter 14 motion of Grimes and Compton
and dismissing Whirty’s claims against them without prejudice. According to the order,
Whirty’s petition did not comply with chapter 14. Otherwise, no reason was given for the
ruling. The court also denied Whirty’s motion for relief from his sentence. The order
specified no reason for the ruling. This appeal followed. 
 
 
Discussion
          In his first issue, Whirty multifariously


 argues the trial court abused its discretion by
denying his motion to compel discovery, dismissing the case as frivolous, and dismissing
the case for failure to exhaust administrative remedies. Whirty engrafts into the argument
a complaint that the trial court failed to make findings of fact and conclusions of law on the
dismissal grounds.
          We turn first to dismissal under chapter 14 for failure to exhaust administrative
remedies because we find resolution of this question dispositive of all complaints Whirty
urges through his first issue. We review dismissal of a claim under chapter 14 for abuse
of discretion. Bishop v. Lawson, 131 S.W.3d 571, 574 (Tex.App.–Fort Worth 2004, pet.
denied). A trial court abuses its discretion if it acts without reference to any guiding rules
or principles; in other words, we must decide whether the decision of the trial court judge
was arbitrary or unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985). 
          Chapter 14 was created to “curb the flood of frivolous lawsuits being filed in state
courts by inmates, consuming valuable judicial resources with little offsetting benefit.” 
Leachman v. Dretke, 261 S.W.3d 297, 309 (Tex.App.–Fort Worth 2008, no pet.). Under
chapter 14, the trial court may dismiss a claim that is frivolous or malicious. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). In determining whether a claim is
frivolous or malicious, the trial court may consider whether the claim has no arguable basis
in law or in fact. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2) (Vernon 2002). A claim
lacks an arguable basis in law if the inmate fails to exhaust administrative remedies before
filing suit. Retzlaff v. Texas Dep’t of Criminal Justice, 94 S.W.3d 650, 653 (Tex.
App.–Houston [14th Dist.] 2002, pet. denied); Pedraza v. Tibbs, 826 S.W.2d 695, 699
(Tex.App.–Houston [1st Dist.] 1992, pet. dism’d w.o.j.). Chapter 14 expressly requires
exhaustion of administrative remedies. Tex. Civ. Prac. & Rem. Code Ann. § 14.005
(Vernon 2002); see Tex. Gov’t Code Ann. § 501.008 (Vernon 2002). 
          The legislature mandated that the Texas Department of Criminal Justice develop
and maintain an inmate grievance system. Tex. Gov’t Code Ann. § 501.008(a) (Vernon
2004). The administrative grievance process established by the department begins with
an informal attempt to resolve the problem. If the informal attempt is unsuccessful, two
steps follow. The inmate has fifteen days from the grievable event to forward a step 1
grievance form to the unit grievance investigator. If unsatisfied with the step 1 decision,
the inmate may appeal by submitting a step 2 form to the unit grievance investigator
within fifteen days of the step 1 response. Tex. Dep’t of Criminal Justice, Offender
Orientation Handbook 52 (rev. Nov. 2004), available at
http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last visited on
March 19, 2009). 
          Exhaustion of the department’s grievance procedure allows prison officials an
opportunity to correct their errors and weeds out inmate suits because some inmates are
satisfied with the administrative resolution while others are persuaded by the proceedings
not to file suit. See Woodford v. Ngo, 548 U.S. 81, 84, 126 S.Ct. 2378, 2382, 165
L.Ed.2d 368 (2006) (discussing exhaustion requirement under 42 U.S.C. § 1997e(a),
Prison Litigation Reform Act (PLRA)).


 See also Pozo v. McCaughtry, 286 F.3d 1022,
1023-24 (7th Cir. 2002) (administrative grievance procedure gives prison administration
opportunity to “fix problem” or mitigate damages and shed light on factual disputes
attending prospective litigation if inmate is not satisfied). 
          But efficiency is lost, and the legislative purpose of exhaustion frustrated, if an
inmate may exit the administrative process at will and file suit. See Leachman, 261
S.W.3d at 310 (citing Johnson v. Ford, 261 Fed. Appx. 752, 757 (5th Cir. 2008)). See
also Pozo, 286 F.3d at 1023-24 (statutory objective of first allowing prison administration
opportunity to address problem is defeated by approach allowing prisoner to disregard
state rules of form and timeliness of administrative appeal).
          Here, the unit grievance investigator returned Whirty’s step 1 form marked
“redundant.” According to Whirty, this was an error as the investigator confused his
current grievance with a prior complaint. But instead of resubmitting the step 1 form or
initiating a step 2 appeal, Whirty, believing further administrative process futile, filed suit
in district court. This denied prison officials an opportunity to consider, and if necessary
correct, the allegedly erroneous screening of Whirty’s step 1 complaint. By not following
the department’s grievance procedure, Whirty failed to properly exhaust administrative
remedies before filing suit. See Leachman, 261 S.W.3d at 310-11 (exhaustion of
remedies requirement under Government Code section 501.008 and Civil Practice and
Remedies section 14.005 means “proper exhaustion” as applied in Woodford). Cf. Pozo,
286 F.3d at 1023 (for purposes of 42 U.S.C. § 1997e(a), “unless the prisoner completes
the administrative process by following the rules the state has established for that
process, exhaustion has not occurred”); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir.
2004) (citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (two-step
grievance process of Texas Department of Criminal Justice must be exhausted in case
subject to 42 U.S.C. § 1997e(a)). 
          Citing only the department’s Offender Orientation Handbook, Whirty also argues
he was excused from exhausting administrative remedies because his tort claim for
damages falls outside the department’s grievance procedure. He bases this conclusion
on language in the department’s Offender Orientation Handbook which provides an
inmate may not “grieve” state or federal court decisions, laws, or regulations; matters for
which other appeal mechanisms exist; and any other matter beyond the control of the
agency to correct. Offender Orientation Handbook at 53 ¶ G.
          The handbook does not except from the grievance process a claim for conversion
of personal property. See Offender Orientation Handbook at 53 ¶ G (listing matters not
grievable through department’s procedure) and 53 ¶ F (listing matters grievable through
department’s procedure). And we do not agree the legislature omitted such claims from
the requirement that an inmate exhaust administrative remedies. See Tex. Civ. Prac. &
Rem. Code Ann. § 14.005(a) (Vernon 2002) (without exception inmate whose claim is
subject to grievance system shall file affidavit or unsworn declaration stating date
grievance was filed and date inmate received written decision); Tex. Gov’t Code Ann. §
501.008(d) (Vernon 2004) (conditions precedent to filing suit for claim regarding operative
facts for which grievance system provides exclusive administrative remedy). See
Spurlock v. Schroedter, 88 S.W.3d 733, 737 (Tex.App.–Corpus Christi 2002, no pet.) (on
appeal by inmate of claim for damage to craft shop personal property, court of appeals
held “the purpose of sections 501.007 and 501.008 is to ensure that an inmate
proceeding in forma pauperis has exhausted his administrative remedies before
proceeding to file a claim in state court”). Couching the claim as one in tort for damages
does not remove it from the exhaustion requirement of chapter 14.
          We conclude the trial court did not abuse its discretion by dismissing Whirty’s claim
without prejudice. We overrule Whirty’s first issue. Our resolution of this issue makes
discussion of Whirty’s remaining complaints grouped under his first issue unnecessary
for final disposition of the appeal. Tex. R. App. P. 47.1.
          Whirty’s second issue arises in an unusual manner. Whirty appeared for hearing
of his civil case pursuant to a bench warrant. During the hearing, he presented the trial
court a document entitled “Motion for Release from Void Judgment.” The motion asserted
that Whirty’s 1967 judgment of conviction for murder with malice was void and asked the
court to release him from restraint under the judgment. Without objection, Whirty
discussed with the court his reasons for believing the motion should be granted. The
motion was filed and appears in the clerk’s record. In addition to dismissing Whirty’s
claims against appellees Grimes and Compton, the trial court’s order denied his motion
for release. Its denial is made the subject of Whirty’s second issue on appeal. We find
we have no jurisdiction to consider the issue.
          Although the motion for release Whirty filed at the hearing does not use the phrase
habeas corpus, his argument on appeal makes clear that habeas relief is what he seeks. 
See Tex. Code Crim. Proc. Ann. art. 11.01 (Vernon 2005) (“[t]he writ of habeas corpus
is the remedy to be used when any person is restrained in his liberty”); Ex parte Harris,
495 S.W.2d 231, 232 (Tex.Crim.App. 1973) (relief by habeas corpus is available to a
person in custody under a sentence which is void because the punishment is
unauthorized). Post-conviction relief from a final felony conviction where the death
penalty was not assessed is cognizable on a writ of habeas corpus. See Ex parte Rich,
194 S.W.3d 508, 511 (Tex.Crim.App. 2006); Mizell v. State, 119 S.W.3d 804, 806
(Tex.Crim.App. 2003). 
          Whirty is confined in the Institutional Division of the Texas Department of Criminal
Justice as the result of a final felony conviction and seeks relief from that confinement. 
The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure
provides the exclusive remedy for felony post-conviction relief in state court. Tex. Code 
Crim. Proc. Ann. art. 11.07 § 5 (Vernon Supp. 2008); Ex parte Brown, 662 S.W.2d 3, 4
(Tex.Crim.App. 1983) (per curiam). If the applicant is held by virtue of a final conviction
in a felony case, the writ is returnable to the Court of Criminal Appeals. Tex. Code Crim.
Proc. Ann. art. 11.07 § (3)(a) (Vernon Supp. 2008); Brown, 662 S.W.2d at 4. There is no
role for the courts of appeals in the procedure under article 11.07. Tex. Code Crim. Proc.
Ann. art. 11.07 § 3 (Vernon Supp. 2008); see Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex.Crim.App. 1991) (orig. proceeding) (only the Texas Court of
Criminal Appeals has jurisdiction over state post-conviction felony proceedings). 
Conclusion
          We affirm the judgment of the trial court as to the matters raised by Whirty in his
first issue on appeal.
          The complaint of Whirty raised by his second issue on appeal is exclusively a
criminal matter. On our own motion we, accordingly, sever the appellate complaint raised
by Whirty’s second issue into case number 07-09-0111-CR.


 As severed, we dismiss
case number 07-09-0111-CR for want of jurisdiction.
 
James T. Campbell

Justice