NO. 07-08-0394-CV
NO. 07-09-0111-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 14, 2009

_____


JOHN ROBERT WHIRTY, APPELLANT

v.

JOE GRIMES AND TAYRN COMPTON, APPELLEES

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 96099-D; HON. DON EMERSON, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant Robert Whirty, appearing *pro se* and *in forma pauperis*, is incarcerated in a secure corrections facility operated by the Texas Department of Criminal Justice. Through two issues, he appeals an order of the trial court dismissing his suit against department employees Joe Grimes and Tyran Compton under chapter 14 of the Civil

Practice & Remedies Code[1] and denying his motion for post-conviction relief. We will affirm in part and dismiss the appeal in part.

## Background

Whirty filed suit against Grimes and Compton alleging they converted his prison craft shop personal property. Grimes and Compton filed a motion to dismiss under chapter 14. As grounds for dismissal, they alleged Whirty's suit was frivolous and malicious because it was barred by the doctrine of sovereign immunity. Further, they asserted Whirty did not file a certified copy of his inmate trust account statement and failed to exhaust administrative remedies as required by chapter 14.

The trial court conducted a hearing attended by Whirty and counsel for appellees. At the hearing, the parties presented their motions which the court took under advisement. It subsequently signed an order granting the chapter 14 motion of Grimes and Compton and dismissing Whirty's claims against them without prejudice. According to the order, Whirty's petition did not comply with chapter 14. Otherwise, no reason was given for the ruling. The court also denied Whirty's motion for relief from his sentence. The order specified no reason for the ruling. This appeal followed.

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002).

Discussion

In his first issue, Whirty multifariously[2] argues the trial court abused its discretion by denying his motion to compel discovery, dismissing the case as frivolous, and dismissing the case for failure to exhaust administrative remedies.  Whirty engrafts into the argument a complaint that the trial court failed to make findings of fact and conclusions of law on the dismissal grounds.

We turn first to dismissal under chapter 14 for failure to exhaust administrative remedies because we find resolution of this question dispositive of all complaints Whirty urges through his first issue.  We review dismissal of a claim under chapter 14 for abuse of discretion.  *Bishop v. Lawson,* 131 S.W.3d 571, 574 (Tex.App.–Fort Worth 2004, pet. denied).  A trial court abuses its discretion if it acts without reference to any guiding rules or principles; in other words, we must decide whether the decision of the trial court judge was arbitrary or unreasonable.  *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

Chapter 14 was created to "curb the flood of frivolous lawsuits being filed in state courts by inmates, consuming valuable judicial resources with little offsetting benefit."

_____

[2] A multifarious issue is one that embraces more than one specific ground, or that attacks several distinct and separate rulings of the court. *Stults v. State,* 23 S.W.3d 198, 205 (Tex.App.–Houston [14th Dist.] 2000, pet. refused); *Hollifield v. Hollifield,* 925 S.W.2d 153, 155 (Tex.App.–Austin 1996, no writ).  By combining more than one contention in a single issue, an appellant risks rejection on the ground that nothing is presented for review. *Stults,* 23 S.W.3d at 205*.*  But an appellate court may address a multifarious issue that is sufficiently developed in the brief.  *Foster v. State,* 101 S.W.3d 490, 499 (Tex.App.–Houston [1st Dist.] 2002, no pet.).  Although Whirty's first issue is multifarious, we are able to follow the argument and will proceed.  *See* Tex. R. App. P. 38.9.

*Leachman v. Dretke,* 261 S.W.3d 297, 309 (Tex.App.–Fort Worth 2008, no pet.).  Under chapter 14, the trial court may dismiss a claim that is frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002).  In determining whether a claim is frivolous or malicious, the trial court may consider whether the claim has no arguable basis in law or in fact.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2) (Vernon 2002).  A claim lacks an arguable basis in law if the inmate fails to exhaust administrative remedies before filing suit.  *Retzlaff v. Texas Dep't of Criminal Justice,* 94 S.W.3d 650, 653 (Tex. App.–Houston [14th Dist.] 2002, pet. denied); *Pedraza v. Tibbs*, 826 S.W.2d 695, 699 (Tex.App.–Houston [1st Dist.] 1992, pet. dism'd w.o.j.).  Chapter 14 expressly requires exhaustion of administrative remedies.  Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002); *see* Tex. Gov't Code Ann. § 501.008 (Vernon 2002).

The legislature mandated that the Texas Department of Criminal Justice develop and maintain an inmate grievance system.  Tex. Gov't Code Ann. § 501.008(a) (Vernon 2004).  The administrative grievance process established by the department begins with an informal attempt to resolve the problem.  If the informal attempt is unsuccessful, two steps follow.  The inmate has fifteen days from the grievable event to forward a step 1 grievance form to the unit grievance investigator.  If unsatisfied with the step 1 decision, the inmate may appeal by submitting a step 2 form to the unit grievance investigator within fifteen days of the step 1 response.  Tex. Dep't of Criminal Justice, *Offender Orientation Handbook* 52 (rev. Nov. 2004), available at http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last visited on March 19, 2009).

4

Exhaustion of the department's grievance procedure allows prison officials an opportunity to correct their errors and weeds out inmate suits because some inmates are satisfied with the administrative resolution while others are persuaded by the proceedings not to file suit. *See Woodford v. Ngo,* 548 U.S. 81, 84, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006) (discussing exhaustion requirement under 42 U.S.C. § 1997e(a), Prison Litigation Reform Act (PLRA)).[3] *See also Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002) (administrative grievance procedure gives prison administration opportunity to "fix problem" or mitigate damages and shed light on factual disputes attending prospective litigation if inmate is not satisfied).

But efficiency is lost, and the legislative purpose of exhaustion frustrated, if an inmate may exit the administrative process at will and file suit. *See Leachman,* 261 S.W.3d at 310 (*citing Johnson v. Ford,* 261 Fed. Appx. 752, 757 (5th Cir. 2008)). *See also Pozo,* 286 F.3d at 1023-24 (statutory objective of first allowing prison administration opportunity to address problem is defeated by approach allowing prisoner to disregard state rules of form and timeliness of administrative appeal).

Here, the unit grievance investigator returned Whirty's step 1 form marked "redundant." According to Whirty, this was an error as the investigator confused his current grievance with a prior complaint. But instead of resubmitting the step 1 form or initiating a step 2 appeal, Whirty, believing further administrative process futile, filed suit in district court. This denied prison officials an opportunity to consider, and if necessary

---

[3] Congress enacted the PLRA to bring under control a sharp rise in prisoner litigation in federal courts. *Woodford,* 548 U.S. at 84, 126 S.Ct. at 2382.

correct, the allegedly erroneous screening of Whirty's step 1 complaint. By not following the department's grievance procedure, Whirty failed to properly exhaust administrative remedies before filing suit. *See Leachman,* 261 S.W.3d at 310-11 (exhaustion of remedies requirement under Government Code section 501.008 and Civil Practice and Remedies section 14.005 means "proper exhaustion" as applied in *Woodford*). *Cf. Pozo,* 286 F.3d at 1023 (for purposes of 42 U.S.C. § 1997e(a), "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred"); *Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004) (*citing Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001) (two-step grievance process of Texas Department of Criminal Justice must be exhausted in case subject to 42 U.S.C. § 1997e(a)).

Citing only the department's *Offender Orientation Handbook*, Whirty also argues he was excused from exhausting administrative remedies because his tort claim for damages falls outside the department's grievance procedure. He bases this conclusion on language in the department's *Offender Orientation Handbook* which provides an inmate may not "grieve" state or federal court decisions, laws, or regulations; matters for which other appeal mechanisms exist; and any other matter beyond the control of the agency to correct. *Offender Orientation Handbook* at 53 ¶ G.

The handbook does not except from the grievance process a claim for conversion of personal property. *See Offender Orientation Handbook* at 53 ¶ G (listing matters not grievable through department's procedure) and 53 ¶ F (listing matters grievable through

6

department's procedure). And we do not agree the legislature omitted such claims from the requirement that an inmate exhaust administrative remedies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (Vernon 2002) (without exception inmate whose claim is subject to grievance system shall file affidavit or unsworn declaration stating date grievance was filed and date inmate received written decision); Tex. Gov't Code Ann. § 501.008(d) (Vernon 2004) (conditions precedent to filing suit for claim regarding operative facts for which grievance system provides exclusive administrative remedy). *See Spurlock v. Schroedter,* 88 S.W.3d 733, 737 (Tex.App.–Corpus Christi 2002, no pet.) (on appeal by inmate of claim for damage to craft shop personal property, court of appeals held "the purpose of sections 501.007 and 501.008 is to ensure that an inmate proceeding in forma pauperis has exhausted his administrative remedies before proceeding to file a claim in state court"). Couching the claim as one in tort for damages does not remove it from the exhaustion requirement of chapter 14.

We conclude the trial court did not abuse its discretion by dismissing Whirty's claim without prejudice. We overrule Whirty's first issue. Our resolution of this issue makes discussion of Whirty's remaining complaints grouped under his first issue unnecessary for final disposition of the appeal. Tex. R. App. P. 47.1.

Whirty's second issue arises in an unusual manner. Whirty appeared for hearing of his civil case pursuant to a bench warrant. During the hearing, he presented the trial court a document entitled "Motion for Release from Void Judgment." The motion asserted that Whirty's 1967 judgment of conviction for murder with malice was void and asked the court to release him from restraint under the judgment. Without objection, Whirty

7

discussed with the court his reasons for believing the motion should be granted. The motion was filed and appears in the clerk's record. In addition to dismissing Whirty's claims against appellees Grimes and Compton, the trial court's order denied his motion for release. Its denial is made the subject of Whirty's second issue on appeal. We find we have no jurisdiction to consider the issue.

Although the motion for release Whirty filed at the hearing does not use the phrase habeas corpus, his argument on appeal makes clear that habeas relief is what he seeks. *See* Tex. Code Crim. Proc. Ann. art. 11.01 (Vernon 2005) ("[t]he writ of habeas corpus is the remedy to be used when any person is restrained in his liberty"); *Ex parte Harris,* 495 S.W.2d 231, 232 (Tex.Crim.App. 1973) (relief by habeas corpus is available to a person in custody under a sentence which is void because the punishment is unauthorized). Post-conviction relief from a final felony conviction where the death penalty was not assessed is cognizable on a writ of habeas corpus. *See Ex parte Rich,* 194 S.W.3d 508, 511 (Tex.Crim.App. 2006); *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App. 2003).

Whirty is confined in the Institutional Division of the Texas Department of Criminal Justice as the result of a final felony conviction and seeks relief from that confinement. The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. Tex. Code Crim. Proc. Ann. art. 11.07 § 5 (Vernon Supp. 2008); *Ex parte Brown,* 662 S.W.2d 3, 4 (Tex.Crim.App. 1983) (per curiam). If the applicant is held by virtue of a final conviction in a felony case, the writ is returnable to the Court of Criminal Appeals. Tex. Code Crim.

8

Proc. Ann. art. 11.07 § (3)(a) (Vernon Supp. 2008); *Brown*, 662 S.W.2d at 4. There is no role for the courts of appeals in the procedure under article 11.07. Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (Vernon Supp. 2008); *see Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) (orig. proceeding) (only the Texas Court of Criminal Appeals has jurisdiction over state post-conviction felony proceedings).

Conclusion

We affirm the judgment of the trial court as to the matters raised by Whirty in his first issue on appeal.

The complaint of Whirty raised by his second issue on appeal is exclusively a criminal matter. On our own motion we, accordingly, sever the appellate complaint raised by Whirty's second issue into case number 07-09-0111-CR.[4] As severed, we dismiss case number 07-09-0111-CR for want of jurisdiction.

James T. Campbell
Justice

---

[4] Whirty's notice of appeal mentions the subject of both his appellate issues.