IN THE COURT OF CRIM­INAL APPEALS

                                    OF
TEXAS

 

 

                                                                              

                                                                     AP-75,112



 

 

                                             Ex parte DAVID
ALLEN RICH, Applicant

 

 



                                                Application
for Writ of Habeas Corpus.




 
 
  
 
 




                           Case F‑2001‑0532‑CWHC1
of the 211th Judicial District Court of

                                                                  Denton
County.



 

 

Womack,
J., filed a concurring opinion, in which Johnson
and Cochran, JJ, joined.

 

 

I join the
judgment of the Court, and I generally agree with the latter half of its
opinion. The first half is inconsistent with the latter, and it is unnecessary.








I do not agree
that this case presents Aa
claim of illegal sentence based on an improper enhancement@ (ante, at 1). The
cases which the Court cites in the first half of its opinion are ones in which
it granted relief from the portion of a  judgment that contained a fine when
the jury had not imposed a fine,[1] and from the
portion of a  judgment that contained a fine when the punish­ment provision of
the penal statute did not include a fine as an available punishment.[2]
There was no such lack of authority in this case.

The Court also
finds support for its action in a case in which a punishment was illegal
because it did not include a fine when the penal statute required a fine,[3]
cases in which the punishments for state-jail felonies were enhanced under
statutes that did not apply to state-jail felonies,[4]
a case in which a fine was assessed when the statute did not provide for a
fine,[5] and a case in
which the judgment probated the fine but not the confinement.[6]
The Court says that these cases were like today=s
case because the older cases were Asituations
in which the illegality of the judgment was apparent from the facts before the
trial court,@ while
today=s case merely Ainvolves a different
situation.@[7]








But the
punishments in those cases were not illegal because of Afacts before the trial court.@ They were illegal because
the punishments were unauthorized under the law, regardless of the facts of the
cases. The illegalities were apparent on the faces of the judgments before the
ink was dry . No reference to the facts before the court was involved, and no
proof of new facts was involved. This is precisely why the cases the Court
cites are different from today=s
case, in which there is nothing wrong on the face of the judgment against this
applicant, and the merits of his claim could not be presented without proof of
contradictory facts that are outside the record of his conviction. The instant
case involves a judgment that seems legal but is false as a matter of fact,
while the judgments in the case the Court cites in the first half of its
opinion provided penalties that were unauthorized by law.

The indictment in
this applicant=s case
alleged a sequence of prior convictions to enhance punishment. If the
allegations were true, they would have authorized the punishment that he
received. The applicant pleaded that the allegations were true. There is
nothing unauthorized about the punishment. It just turns out, on further
investigation, that the first enhancement paragraph alleging a prior felony
conviction was not true.

The appropriate
analogy is not to a case of unauthorized punishment; it is, I believe, to a
case of actual innocence. In such a case, an indictment alleged facts that, if
true, would have subjected a defen­dant to conviction. A court found the facts
to be true and entered the conviction authorized by law. It just turns out, on
further investigation, that the allegation was not true. We grant relief, not
because the conviction was Aunauthorized,@ but because we have
decided that such a conviction denies due process of law.

The second half of
the Court=s opinion
is, in part, agreeable with this reasoning. It says (ante, at 5), AThe resolution of this case
depends on whether Applicant=s
sentence is actually illegal. When the judge delivered the sentence based on
the indictment before him, he acted within his authority and the law. It was
not until the trial court discovered that one of Applicant=s felony charges had been
reduced to a misdemeanor offense that the problem with the sentence became
known.@ If the Court=s opinion began with this
reasoning, which makes its earlier analysis unnecessary and inappropriate, I
would join it.








The Court should
do in this case as it has done in other cases in which district courts have
entered judgments that were authorized by law but were based on findings of
fact that turned out to be false. It should make no difference that this case
involved a false sentencing fact rather than a false element-of-the-crime fact.

The Court=s opinion says that this is
not a case of actual innocence for two reasons. First, the applicant is not
actually innocent of the offense for which he was previously convicted.[8]
Second, his Asituation
does not involve the traditional hallmarks of actual innocence claims C newly discovered evidence
showing that the defendant is being wrongfully imprisoned for a crime he did
not commit.@[9]
But he is actually innocent of being an habitual felony offender, and we know
because of newly discovered evidence showing that he is being wrongfully
imprisoned for a criminal history he did not have. This is much more closely
analogous to our actual-innocence cases than it is to the unauthorized-sentence
cases on which the Court bases its reasoning in the first half of its opinion.

I hope that when
the bench and bar seek to follow the Court=s
decision in this case, they will decide to follow the reasoning of the latter
half of the opinion.

I concur only in
the judgment.

 

Filed June 7, 2006.

Publish.









[1] Ex parte Pena, 71 S.W.3d 336 (Tex. Cr. App.
2002) (cited ante, at 4 n.3).





[2] Ex parte Johnson, 697 S.W.2d 605 (Tex. Cr.
App. 1985) (cited ibid.).





[3] See ante, at 5 n.6 (citing Mizell v. State,
119 S.W.3d 804 (Tex. Cr. App. 2003) (sentence of A$0@ was not authorized by law prescribing punishment of Aa fine not exceed $4,000@)).





[4] See ibid. (citing Ex parte Miller, 921
S.W.2d 239 (Tex. Cr. App. 1996) (enhancement of state-jail-felony punishment
was not authorized by statute); Ex parte Beck, 922 S.W.2d 181 (Tex. Cr.
App. 1996) (same)).





[5] See ibid. (citing Ex parte Johnson, 697
S.W.2d 605 (Tex. Cr. App. 1985)).





[6] See ibid. (citing Ex parte McIver, 586
S.W.2d 851 (Tex. Cr. App. 1979)).





[7] Ante, at 5.





[8] Ante, at 12.





[9] Ibid.