IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-WR-32,382-02






EX PARTE HARDIS LATRIL BARNES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 33,458-A IN THE 188TH DISTRICT COURT


FROM GREGG COUNTY





 Per curiam. 

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to bail jumping/
failure to appear in exchange for a sentence of twenty years' imprisonment. He did not appeal his
conviction. 

 Applicant contends that his sentence is illegal, because the offense charged should have been
a third degree felony, carrying a maximum sentence of ten years. Neither the indictment nor the
judgment in this cause indicate that there were any enhancement allegations. Applicant has alleged
facts that, if true, might entitle him to relief. Ex parte Beck, 922 S.W.2d 181 (Tex. Crim. App.
1996). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his sentence is illegal. The court shall make findings as to whether there is anything in
the record to support the State's claim that Applicant pleaded "true" to enhancements. If so, the
court shall make findings as to why these enhancements are not shown in the indictment, plea papers,
or judgment. If not, the court shall make findings as to why Applicant was admonished as to the
punishment range for a second degree felony. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 26, 2006

Do not publish