OPINION HEADING PER CUR 









                NO. 12-06-00168-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

KENNETH
D. GRINDELE, JR.,    §          APPEAL FROM THE 7TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Appellant Kenneth D. Grindele, Jr. appeals from a final
adjudication of guilt following his violation of the conditions of community
supervision imposed when an adjudication of guilt was deferred and he was
placed on community supervision. 
Appellant pleaded true to the two allegations in the State’s application
to proceed to final adjudication.  He
raises five issues on appeal.  We dismiss
the appeal for want of jurisdiction.

 

Procedural History








            Appellant pleaded guilty to the offense of aggravated
assault.  The trial court deferred
further proceedings without entering an adjudication of guilt, and placed
Appellant on community supervision.  In
its May 16, 2005 order, the trial court ordered Appellant to pay $6,689.62 in
restitution at the rate of $150.00 per month. 
In the same order, the trial court also ordered the Smith County
Community Supervision and Corrections Department to complete a postsentence
investigation “to determine restitution to be paid, if any.”  On August 31, 2005, the Community Supervision
Officer informed the court that the ordered postsentence investigation had been
completed, and, based on that report, moved the court to order restitution in
the total amount of $13,126.33 at the rate of $150.00 each month.  The trial court signed the order on September
12, 2005 granting the amendment as requested. 
There was no hearing on the motion. 
There is no indication in the record that Appellant or his attorney was
notified of the motion to change the amount of restitution, nor does the record
reflect that a copy of the trial court’s order was sent to Appellant or his
attorney.

            On September 12, 2005, the trial court also signed a show
cause order commanding Appellant to appear to show cause why the court should
not proceed to a final adjudication of guilt 
based upon the State’s application filed on September 9, 2005.

            Appellant was arrested on September 14 and remained in
jail until November 17, 2005.  On that
date, the court dismissed the State’s motion to proceed to final
adjudication.  The court also amended the
conditions of community supervision contained in its May 16, 2005 order to
require that Appellant attend a substance abuse felony punishment facility
(SAFPF) and that he remain under “Level II 
Intensive Supervision for two years.” 
Appellant was released from jail to await notification that space was
available at SAFPF.

            On January 11, 2006, the State again moved to proceed to
a final adjudication of guilt.  The State
filed an amended application on March 21, 2006. 
On May 4, 2006, Appellant pleaded true to all allegations in the State’s
application.  The trial court found
Appellant guilty, sentenced him to imprisonment for seven years, made a deadly
weapon finding, and ordered restitution in the amount of $12,976.33.

 

Restitution

            In his first issue, Appellant contends the increase in
restitution from $6,689.62 ordered when he was placed on community supervision
to $12,976.33 constitutes an illegal sentence. 
Specifically, Appellant argues that the sentence is illegal because the
increase was made without any notice to Appellant on a motion and order filed
three months after he was placed on community supervision when the trial court
had lost its authority to increase his restitution obligation.

Applicable Law

            Upon violation of a condition of community supervision
imposed without an adjudication of guilt, “[t]he defendant is entitled to a
hearing limited to the determination by the court of whether it proceeds with
an adjudication of guilt on the original charge.”  Tex.
Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon 2006).  “No appeal may be taken from this
determination.”  Id.  A party may appeal only that which the
legislature has authorized.  Olowosuko
v. State, 826 S.W.2d 940, 941-42 (Tex. Crim. App. 1992).  

            There is no opportunity on appeal to challenge a
modification of deferred adjudication community supervision as a basis for
overturning an adjudication of guilt.  Davis
v. State, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006).[1]  An appellate court cannot consider a claim
that the defendant’s right to counsel was violated at the adjudication
hearing.  Davis, 195 S.W.3d
at 710.  Even jurisdictional complaints
relating to the trial court’s determination are barred by Section 5(b)’s
prohibition against appeal.  Davis,
195 S.W.3d at 712.  

            Restitution, if ordered, is not part of the sentence, but
a separate component of the judgment.  Tex. Code Crim. Proc. Ann. art.
42.01(21) (Vernon 2006).  The sentence
and the conditions of community supervision are also separate parts of the
judgment.  Tex. Code Crim. Proc. Ann. 
art. 42.01(10), (15) (Vernon 2006); Speth v. State, 6
S.W.3d 530, 532 (Tex. Crim. App. 1999). 
Community supervision is an arrangement in lieu of sentence, not a part
of the sentence.  Speth, 6
S.W.3d at 532.

            A void or illegal sentence is one not authorized by
law.  Ex parte Seidel, 39
S.W.3d 221, 224-25 (Tex. Crim. App. 2001). 
A  sentence is void when the
punishment is unauthorized.  Ex
parte Beck, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996).

Analysis

            In this case, the trial court had jurisdiction of the
person and the subject matter.  The
sentence imposed by the trial judge after the adjudication of Appellant’s guilt
was within the range provided by law. 
The amount of restitution is not a part of the sentence.  When the trial court orders restitution, the
defendant’s obligation to make periodic payments of restitution continues
despite a suspension of the sentence or deferral of an adjudication of guilt
when the defendant is placed on community service.  While the defendant remains on community
service, the payment of restitution as ordered is regarded as a condition of community
service.

            The trial court’s order of May 16, 2005 deferring
adjudication not only ordered Appellant to pay $6,689.62 in restitution at the
rate of $150.00 per month, but also ordered a postsentence investigation to
determine what (presumably additional) restitution would be required.  It is reasonable to infer that both the State
and Appellant contemplated that additional restitution might be required.  Although the increase in restitution was made
without further notice to Appellant almost four months after he was placed on
community service, it is unlikely Appellant was surprised by the increase.  Notwithstanding his lack of notice or
surprise, Article 42.12, section 5(b) bars our consideration of the issue.  However, even if we could address the issue,
Appellant’s complaint on appeal was not raised in the trial court as required
by the Texas Rules of Appellate Procedure. 
See Tex. R. App. P.
33.1.  

 

Due Process and Evidentiary Sufficiency

            In his second issue, Appellant complains the trial court
violated his right to due process under the Fourteenth Amendment by revoking
his community supervision based upon two conditions that he could not have
violated.  In his third, fourth and fifth
issues, Appellant challenges the sufficiency of the evidence supporting the
trial court’s action in proceeding to final adjudication.

            The State’s Second Amended Application to Proceed to
Final Adjudication alleged that Appellant had been placed on community
supervision on May 16, 2005, and “that the terms and conditions of community
supervision . . . provided that [Appellant], . . . (18) Report in person to
your supervision officer within 48 hours after release from any jail or other
confinement following any arrest or conviction; . . . [and] (67) [Is]
[a]ssigned to Level II Intensive Supervision for a term of two years, and
during this term [shall] report each week as directed by your Supervision
Officer.”  The State alleged violation of
both conditions.

            The State alleged that Appellant failed to report to his
Supervision Officer within 48 hours after his release from confinement.  Appellant was released from the Smith County
Jail following the dismissal on November 15 of the State’s first motion to
proceed to final adjudication.  The trial
court continued Appellant on community service, but modified the conditions to
require that for two years he report once a week to a level II supervision
officer and that he enter a Substance Abuse Felony Punishment Facility.  Because no space was available in such a
facility, Appellant was released November 17, 2005 until space became
available.

            Appellant argues that it is nonsensical to interpret the
conditions of community service to require him to report within 48 hours after
his release from the Smith County Jail when he had been released pursuant to an
agreement with the State with the apparent acquiescence of the probation
department.  Appellant also contends that
the May 16, 2005 judgment did not place him on level II supervision as alleged
in the State’s motion to proceed to adjudication.  Appellant was not placed under level II
supervision until November 15, 2005. 
Therefore, Appellant, despite his plea of true, contends the trial court
lacked jurisdiction to revoke his community supervision for a condition not
contained in the May 16, 2005 judgment. 
Alternatively, he argues that the trial court violated due process in
revoking his probation for violating a condition that did not commence as
alleged in the State’s application to proceed to final adjudication.

            Each of the errors alleged in Appellant’s issues two
through five relate solely to the sufficiency of the evidence supporting the
trial court’s determination to proceed with an adjudication of guilt on the
original charge.  Although artfully
contrived, Appellant’s arguments ignore the plain mandate of Article 42.12,
section 5(b) of the Texas Code of Criminal Procedure.  A long line of cases from the beginning of
deferred adjudication practice has held “that the Legislature meant what it
said in Article 42.12 § 5(b): ‘No appeal may be taken from this determination.’”  Olowosuko, 826 S.W.2d at
942.  

 

Conclusion

            We lack jurisdiction of this appeal.  Therefore, we do not address the merits of
Appellant’s five issues.  The appeal is dismissed
for want of jurisdiction.

 

                                                                                                                                                                                                                                                     BILL BASS    

                                                                                                            Justice

 

Opinion
delivered June 29, 2007.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

                                

            (DO NOT PUBLISH)











[1] In
an appeal of the revocation of  “regular”
community supervision, a complaint about a modification can be raised if the
validity of the revocation depends on the validity of the modification.  Rickels v. State, 108 S.W.3d
900, 902 (Tex. Crim. App. 2003).