

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### AP-75,889

### EX PARTE BARRY S. DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 92F0083-005-A IN THE 5TH DISTRICT COURT
### FROM BOWIE COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment. He did not appeal his conviction.

Applicant contends that the sentence is illegal because it is outside the sentencing range for the third degree felony offense of aggravated assault. We remanded this application to the trial court for findings of fact and conclusions of law.

The judgment reflects that this offense was committed April 19, 1991. The trial court has determined that Applicant pled guilty to causing serious bodily injury to his wife and that all enhancements were waived. The court also found that Applicant's plea was entered pursuant to an agreement.

At the time this offense was committed aggravated assault was a third degree felony,[1] so a punishment of twenty years was not authorized. Applicant is entitled to relief. *Ex parte Beck*, 922 S.W.2d 181 (Tex. Crim. App. 1996).

Relief is granted. The judgment in Cause No. D-202-CR-92-83 in the 202nd Judicial District Court of Bowie County is set aside, and Applicant is remanded to the custody of the Sheriff of Bowie County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 9, 2008
Do Not Publish

---

[1] Aggravated assault against a person who was not a member of a designated class, such as peace officers, later became a second degree felony for offenses committed on or after September 1, 1994.