

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,829-01

### EX PARTE QUINTEN LOVELL BROWN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 65894-A
### IN THE 426TH DISTRICT COURT FROM BELL COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possessing one

gram or more but less than four grams of a controlled substance in trial court cause no. 65,894. The

trial court assessed a sentence of seventeen years' imprisonment. This sentence is to be served

concurrently with another seventeen-year sentence assessed in trial court cause no. 66,339. In that

cause, Applicant was convicted of possessing with intent to deliver four grams or more but less than

four hundred grams of a controlled substance.[1]  Applicant did not appeal either conviction.

---

[1] The judgment in cause no. 66,339 reflects that the drug quantity was "FOUR GRAMS OR MORE BUT LESS THAN 200 GRAMS." The indictment, however, alleged "four grams or more but less than 400 grams." This range coincides with the range specified in the applicable statute of prosecution for possessing with intent to deliver MDMA, which is listed under Penalty Group 2. CONTROLLED SUBSTANCES ACT §§ 481.103(a)(1), 481.113(a), (d).

Applicant's two convictions concern 3, 4-methylenedioxy-methamphetamine (MDMA), which is commonly known as ecstasy. *See* CONTROLLED SUBSTANCES ACT § 481.103(a)(1). The charges arose from separate arrests. At the time of the arrests, the drugs were field-weighed at 1.2 grams for the first arrest and at 4.8 grams for the second arrest. The State charged Applicant for possessing 1-4 grams of MDMA and for possessing with intent to deliver 4-400 grams of MDMA. *See* CONTROLLED SUBSTANCES ACT §§ 481.116(a), (c), 481.113(a), (d). The State also alleged that Applicant had prior felony convictions, which it appears from the habeas record raised the applicable punishment level for the possession case from a third-degree felony to a second-degree felony and made the minimum punishment for the delivery case, already a first-degree felony, fifteen years. *See* TEX. PENAL CODE §§ 12.42(a), (c)(1). Applicant pled guilty to both offenses.

After sentencing, lab testing was completed on the drugs, and it was discovered that the true mass of the MDMA from the first arrest was 0.60 grams and not twice that amount as was reported from the field testing. Thus, the applicable offense level was a state jail felony, and not a third-degree felony enhanceable to a second-degree felony, as was charged. *See* CONTROLLED SUBSTANCES ACT § 481.116(a), (b). The lab testing for the MDMA from the second arrest indicated a mass of 4.72 grams, which is near the 4.8 grams reported from field testing. The State informed Applicant of the lab results, and Applicant filed several habeas applications.

Applicant filed this -01 habeas application concerning the 1-4 gram possession case (trial court cause no. 65,894) and alleged that his seventeen-year sentence is in excess of that authorized by statute for a state-jail felony, which has a penalty range of 180 days to two years in the state jail. TEX. PENAL CODE § 12.35(a). The trial court, with the State's agreement, recommends granting relief by vacating the conviction and returning Applicant to answer the indictment. *See Ex parte Beck*, 922 S.W.2d 181 (Tex. Crim. App. 1996). The trial court's findings and recommendation are supported

by the record and are adopted by this Court. Because Applicant's sentence in cause no. 65,894 is in excess of the statutory maximum for the offense, relief is granted. The judgment in cause no. 65,894 in the 426th District Court of Bell County is set aside, and Applicant is remanded to the custody of the Sheriff of Bell County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Applicant also filed a -02 habeas application concerning the 4-400 gram delivery case (trial court cause no. 66,339) and raised the same unauthorized sentence claim based upon the same lab testing. The lab report pertinent to this conviction, however, shows that the seized drugs had a mass of 4.72 grams, which is within the offense range of four grams or more but less than four hundred grams. The trial court recommends that the habeas application be denied, which recommendation is supported by the habeas record. The trial court's findings have been adopted by this Court in the -02 habeas proceeding, and that application has been denied by this Court.

Applicant's -03 habeas application is a duplicate of his -01 habeas application that concerns the possession case in trial court cause no. 65,894. Because the -01 habeas application is being disposed of as discussed above, the duplicate -03 habeas application has been dismissed by this Court as moot.

Applicant's -04 habeas application was filed by the attorney who represented Applicant at trial, and the application also raises an unauthorized sentence claim concerning cause no. 65,894. The trial court recommends that the application be dismissed as subsequent. This disposition is not correct because this Court, when the -04 habeas application was filed in the trial court, had not yet disposed of any habeas application for Applicant, so the -04 application is not subject to dismissal as a subsequent habeas application. *See* CODE CRIM. PROC. art. 11.07 § 4(a) (stating "If a subsequent

application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless ....”); *see also Ex parte Owens*, 206 S.W.3d 670, 676 n. 38 and 679 (Tex. Crim. App. 2006). Because the relief requested in the -04 habeas application is being granted in this opinion for the -01 habeas application, the -04 habeas application has been dismissed by this Court as moot.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 17, 2014
Do not publish