# NO. 12-14-00114-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID LUKE FORRESTER,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Luke Forrester appeals his convictions for possession of child pornography and online solicitation of a minor. He raises one issue on appeal. We reverse and remand with instructions.

## BACKGROUND

On November 2, 2012, an Angelina County grand jury returned a six count indictment against Appellant. The indictment alleged that Appellant committed four counts of aggravated sexual assault of a child, one count of possession of child pornography, and one count of online solicitation of a minor. Pursuant to a plea bargain, the State dismissed counts one through four of the indictment (aggravated sexual assault of a child), and Appellant pleaded guilty to counts five and six (possession of child pornography and online solicitation of a minor). There was no agreement on punishment and a presentence investigation was conducted. On February 18, 2014, the trial court conducted a sentencing hearing. On count five (possession of child pornography), the trial court assessed punishment at ten years of imprisonment. On count six (online solicitation of a minor), the trial court assessed punishment at twenty years of imprisonment. The trial court then ordered the sentences to run consecutively. This appeal followed.

In his sole issue on appeal, Appellant contends that the trial court erred by ordering his sentences to run consecutively. Appellant argues that his convictions arose from the same criminal episode, and therefore do not fall under any of the exceptions listed in Texas Penal Code Section 3.03, which authorizes consecutive sentences. But Appellant's sentence for online solicitation of a minor is based on a statutory subsection that has been declared unconstitutional.[1] Therefore, we must first determine whether Appellant bargained for a legal sentence in return for the State's dismissal of four counts of aggravated sexual assault of a child.

## Standard of Review and Applicable Law

A plea bargain is a contract between the state and the defendant. *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). When both parties have knowingly and voluntarily entered into a plea bargain, they are bound by the terms of that agreement once it is accepted by the trial judge. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). But where the parties bargain for an illegal sentence, the appropriate remedy is to return them to the positions they occupied prior to the plea bargain agreement. *See Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996); *see also Ex parte De Leon*, 400 S.W.3d at 90 (holding that if specific performance of plea agreement is not possible, appropriate remedy is "withdrawal of the plea, with both parties, including the State, returned to their original positions") (citing *Shannon v. State*, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986)). An illegal sentence is one that is not authorized by law. *See Mizell v. State*, 119 S.W.3d 804, 806 n. 7 (Tex. Crim. App. 2003).

## Discussion

Appellant pleaded guilty to counts five and six of the indictment in return for the State's dismissal of counts one through four. Count six of the indictment alleged that, on or about August 6, 2012, Appellant

> did then and there, being a person who was 17 years of age or older, with the intent to arouse or gratify the sexual desire of the defendant or John Doe, a pseudonym, intentionally communicate by text message in a sexually explicit manner, to-wit: by referring to oral deviate sexual intercourse or anal deviate sexual intercourse, with John Doe, a pseudonym, an individual younger than 14 years of age[.]

---

[1] *See Ex parte Lo*, 424 S.W.3d 10, 20 (Tex. Crim. App. 2013).

The indictment tracks the language of Section 33.021(b) of the penal code. *See* TEX. PENAL CODE ANN. § 33.021(b) (West 2011).[2] On October 30, 2013, the court of criminal appeals held that Section 33.021(b) is unconstitutional. *See Ex parte Lo*, 424 S.W.3d 10, 20 (Tex. Crim. App. 2013). Appellant pleaded guilty on December 3, 2013. Thus, when Appellant pleaded guilty to count six, he pleaded guilty to a crime that did not exist. *See Ex parte Chance*, 439 S.W.3d 918, 919 (Tex. Crim. App. 2014) (Cochran, J., concurring); *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988) ("[A]n unconstitutional statute in the criminal area is to be considered no statute at all.") (citing *Hiett v. U.S.*, 415 F.2d 664, 666 (5th Cir. 1969), *cert. den.* 397 U.S. 936, 90 S. Ct. 941, 25 L. Ed. 2d 117).

Neither Appellant nor the State raised an issue in this appeal regarding the legality of Appellant's sentence pursuant to their plea agreement. Nevertheless, an appellate court "may always notice and correct an illegal sentence" if it otherwise has jurisdiction over a criminal conviction. *Mizell*, 119 S.W.3d at 806. We have jurisdiction in this case. *See* TEX. R. APP. P. 25.2(a)(2).

At the time Appellant entered into the plea agreement and pleaded guilty, a conviction and sentence under Section 33.021(b) of the penal code was unauthorized by law. *See Ex parte Lo*, 424 S.W.3d at 20; *Mizell*, 119 S.W.3d at 806 n. 7 (Tex. Crim. App. 2003). Thus, the parties bargained for an illegal sentence. *See Ex parte Beck*, 922 S.W.2d at 182. The appropriate remedy is to return both parties to their original pre-plea positions. *See Ex parte De Leon*, 400 S.W.3d at 91; *Ex parte Beck*, 922 S.W.2d at 182. Therefore, we do not address whether Appellant's sentences should be cumulated because the issue is moot. *See* TEX. R. APP. P. 47.1.

---

[2] Section 33.021(b) provides as follows:

A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:

(1) communicates in a sexually explicit manner with a minor; or

(2) distributes sexually explicit material to a minor.

TEX. PENAL CODE ANN. § 33.021(b) (West 2011).

## DISPOSITION

Having found error in the judgment, we *reverse* the trial court's judgment and *remand* the cause to the trial court with instructions to dismiss count six of the indictment. *See Ex parte Lo*, 424 S.W.3d at 27; *Ex parte Beck*, 922 S.W.2d at 182.

**BRIAN HOYLE**
Justice

Opinion delivered March 18, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2015**

**NO. 12-14-00114-CR**

**DAVID LUKE FORRESTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2012-0589)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court with instructions to dismiss count six of the indictment; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*