# PD-1674-15

PD-1674-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/28/2015 11:45:34 AM
Accepted 12/28/2015 2:22:15 PM
ABEL ACOSTA
CLERK

NO. _____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

**DEMARCUS ANTONIO TAYLOR, Appellant**
**v.**
**The State of Texas, Appellee**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FROM THE COURT OF APPEALS

FIFTH APPELLATE DISTRICT OF TEXAS

DALLAS, TEXAS

NO. 05-15-00567-CR

DALLAS COUNTY
TRIAL COURT NO. F1457392

FILED IN
COURT OF CRIMINAL APPEALS

December 28, 2015

ABEL ACOSTA, CLERK

R. Scott Walker
STATE BAR # 24004972
222 W. Exchange Avenue
Fort Worth, TX 76164
(817) 478-9999
(817) 977-0163 FACSIMILE
Attorney for Appellant

**ORAL ARGUMENT NOT REQUESTED**

1

# **TABLE OF CONTENTS**

                                                        PAGE

TABLE OF CONTENTS. . . . . . . . . . . . . . . . .  2

IDENTITY OF TRIAL JUDGE PARTIES AND COUNSEL  . .  3

INDEX OF AUTHORITIES  . . . . . . . . . . . . . .  4

STATEMENT DECLINING ORAL ARGUMENT  . . . . . . .  5

STATEMENT OF THE CASE . . . . . . . . . . . . . .  5

STATEMENT OF PROCEDURAL HISTORY OF THE CASE  . .  6

GROUNDS FOR REVIEW  . . . . . . . . . . . . . . .  6

QUESTIONS FOR REVIEW (Failing to bring a
disproportionate sentence complaint before the
trial court is not waiver.). . . . . . . . . . .  6

ARGUMENT . . . . . . . . . . . . . . . . . . . .  7

PRAYER . . . . . . . . . . . . . . . . . . . . .  10

CERTIFICATE OF SERVICE . . . . . . . . . . . . .  11

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . .  12

## <u>IDENTITY OF TRIAL JUDGE, PARTIES AND COUNSEL</u>

The following is a complete list of the trial judge and all parties, as well as the names and addresses of all counsel.

| | |
|---|---|
| Trial Judge: | Honorable Paul Banner |
| Appellant: | Demarcus Antonio Taylor |
| Trial Counsel: | Carlton Hughes<br>Attorney at Law<br>6060 North Central<br>Expressway, Suite 560<br>Dallas, Texas 75206 |
| Appellate<br>Attorney for Appellant: | R. Scott Walker<br>Attorney at Law<br>222 W. Exchange Avenue<br>Fort Worth, Texas 76164 |
| Appellee: | The State of Texas |
| Trial Attornys for<br>Appellee: | Andrew Novak and Ms.<br>Janie Kunnathusseril<br>Dallas County Assistant<br>District Attorney<br>133 North Riverfront<br>Blvd., LB-19<br>Dallas, Texas 75207 |
| Appellate Attorney for<br>Appellee: | Susan Hawk<br>Dallas County<br>District Attorney<br>133 North Riverfront<br>Blvd., LB-19<br>Dallas, Texas 75207 |

# INDEX OF AUTHORITIES

## CASES

*Ex parte Beck,*
    922 S.W.2d 181 (Tex.Crim.App. 1996)  . . . . 7

*Ex parte McIver,*
    586 S.W.2d 851 (Tex.Crim.App. 1979)  . . . . 7

*Noland v. State,*
    264 S.W.3d 144 (Tex.App.-—Houston [1st Dist.]
    2007) . . . . . . . . . . . . . . . . . . . 7

*McGruder v. Puckett,*
    954 F2d 313, (5th Cir. cert. denied) . . . . 9

*Wynn v. State,*
    219 S.W.3d 54 (Tex.App.--Houston [1st dist]
    2006) . . . . . . . . . . . . . . . . . . . 7

## STATUTES

*Texas Rules of Appellate Procedure,*
    66.3(b) . . . . . . . . . . . . . . . . . . 6

All references to Texas statutes, rules, etc. are references to the latest edition published by West Publishing Company, unless otherwise indicated.

DEMARCUS ANTONIO TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

************

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

************

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

**STATEMENT DECLINING ORAL ARGUMENT**

Oral argument of this case is not requested on behalf of Appellant.

**STATEMENT OF THE CASE**

This appeal has resulted from a criminal prosecution for possession of a controlled substance with intent to deliver. The maximum penalty for the charge is 99 years or life in prison. Attorney Carlton Hughes, of Dallas, Texas represented Mr. Taylor on the charge. On April 22, 2015, appellant pled not guilty to the allegations. (R.R. Vol. 3, p. 12). After evidence

5

was presented, the jury found the defendant guilty of the charge, found the allegation of a deadly weapon to be true, and found the allegation that the offense was committed in a drug-free zone to be true. (R.R. Vol. 4, p. 90). On April 23, 2015, after evidence was presented, the jury assessed punishment at thirty years confinement. (R.R. Vol.5, p. 120).

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written memorandum opinion on Novenber 25, 2015. The deadline for filing a Petition for Discretionary Review is December 25, 2015.

## GROUNDS FOR REVIEW

Texas Rule of Appellate Procedure 66.3(b): The Court of Appeals has decided an important question of State law which should be settled by the Court of Criminal Appeals.

## QUESTION FOR REVIEW

Failing to bring a disproportionate sentence complaint before the trial court is not waiver because such a sentence is an illegal sentence and

6

is, therefore, void, and a void sentence can be brought up for the first time on appeal.

**ARGUMENT**

Failing to bring a disproportionate sentence complaint before the trial court is not waiver. The Court of Appeals held that a defendant waives the right to appeal on a disproportionate sentence complaint unless he objects to the disproportionate sentence at the trial court or complains in a motion for new trial. The First District of Houston has agreed. *Noland v. State,* 264 S.W.3d 144, 152 (Tex.App.--Houston [1st Dist.] 2007, pet. Ref'd), *Wynn v. State,* 219 S.W.3d 54, 61 (Tex.App.--Houston [1st Dist.] 2006, no pet.). However, these holdings should be overturned.

The Court of Criminal Appeals has held that a sentence outside the statutory range is void and that the complaint can be brought for the first time on appeal. *Ex parte Beck,* 922 S.W.2d 181, 182 (Tex.Crim.App. 1996), *Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Crim.App. 1979). The analysis is

7

that an illegal sentence is one that is unauthorized by law and is, therefore, void. A sentence which violates the Eighth Amendment, because it is a disproportionate sentence, is also an illegal sentence which is not authorized by the Eighth Amendment to the U.S. Constitution. Any sentence that violates the U.S.Constition is certainly an illegal sentence. After all, the U.S. Constitution **is the supreme law of the land.** Therefore, any sentence that violates the U.S. Constitution is also void, and the complaint should be reviewable when brought for the first time on appeal. Any cases holding otherwise should be overruled.

Furthermore, there are practicality concerns with holding that failing to bring a proportionality complaint before the trial court is waiver. When a trial judge pronounces a sentence, the trial is then over. It doesn't make sense to require an objection after the trial is over. Furthermore, how can a defendant be expected to be

ready to present evidence as to proportionality as soon as the sentence is pronounced?

Requiring a proportionality complaint in a motion for new trial would also be problematic. There are time restraints involved in a motion for new trial. Rarely is the reporter's record of the trial prepared for use at a hearing on a motion for new trial. A reporter's record is usually necessary to develop a claim of proportionality. In order to win a proportionality complaint, a defendant must show that his sentence is disproportionate to other similar crimes in the jurisdiction and other jurisdictions. *McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied.* It would be just short of impossible to compile sufficient evidence of the average sentences for similar crimes in Texas and in other jurisdictions. Compiling this kind of evidence is nothing short of monumental. After all, the analysis requires a comparison of similar criminal acts which lead to similar criminal charges, not just similar criminal charges. The actual *actions* of the defendants must

9

be compared, not merely *cases* involving the same statutory charge. Therefore, it could be that every case used as a comparison case must be examined to see if the criminal actions of that particular defendant was similar to the criminal actions of the appellant. Again, compiling this kind of evidence during the short time in which a defendant has to prepare for a hearing on a motion for new trial would be impossible.

The holding of the Court of Appeals' opinion, in actuality, obliterates the constitutional right to proportionate sentencing. When appellate courts create rules which make it impossible to avail oneself to constitutional guarantees, the courts are in effect taking away those guarantees. Again, the line of cases that require an objection to proportionality or a complaint in a motion for new trial should be overturned.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Demarcus Antonio Taylor, Appellant, prays that this Petition for Discretionary Review be granted; that this case

be submitted to the Court; that the Court of Appeals' decision be reversed and for such other relief for which he shows himself entitled.

Respectfully Submitted,

s/Scott Walker

By: Scott Walker

222 W. Exchange Avenue
Fort Worth, Texass 76164
(817) 478-9999
(817) 977-0163 Fax
Attorney for Appellant

## CERTIFICATE OF SERVICE

A copy of this petition was served by first class mail to the Office of Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas 76196 and to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas 78711 on the 25h day of December, 2015.

s/Scott Walker
Scott Walker

11

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this document copmplies with the length requirements as set forth by the Texas Rules of Appellate Procedure in that this document contains 1634  words, and that the document is in 14 point type.

<u>s/Scott Walker</u>
Scott Walker

# APPENDIX

Affirmed as Modified and Opinion Filed November 25, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-15-00567-CR
_____

### DEMARCUS ANTONIO TAYLOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F14-57392-S

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Whitehill
Opinion by Justice Whitehill

A jury convicted Demarcus Antonio Taylor of possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (d), 481.134(a) (West 2010 & Supp. 2015). The jury also found that appellant used or exhibited a firearm during the commission of the offense. The jury assessed punishment at thirty years' imprisonment and a $5,000 fine. In a single issue, appellant contends that the sentence is excessive and disproportionate for the offense. We modify the judgment and affirm the judgment as modified.

Appellant argues the thirty-year sentence is disproportionate and constitutes cruel and unusual punishment prohibited by the United State and Texas Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Appellant asserts that because he did not resist the police in any way and immediately surrendered, the thirty-year sentence is excessive. The State responded that appellant has failed to preserve this issue for appellate review and alternatively, the sentence is not grossly disproportionate to the crime.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State* , 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant did not object when he was sentenced, and his motion for new trial did not raise this complaint. Accordingly, he has not preserved the issue for appellate review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Moreover, punishment that is assessed within the statutory range for an offense is neither excessive nor unconstitutionally cruel or unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (sentence will not be disturbed on appeal if it is within its statutory range of punishment). The punishment range for the offense of possession with intent to deliver cocaine in an amount four grams or more but less than 200 grams in a drug-free zone, a first-degree felony offense, is imprisonment for life or for any term not more than ninety-nine years nor less than ten years, and an optional fine up to $20,000. *See* TEX. PENAL CODE ANN. § 12.32 (West 2011); TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.134(c). Appellant's thirty-year sentence is well within the statutory range. We overrule appellant's issue.

We note the trial court's judgment erroneously omits the $5,000 fine. The jury assessed a $5,000 fine and trial court orally pronounced the fine when it sentenced appellant in accordance with the jury's verdict. When a variation between the oral pronouncement of the sentence and the written memorialization of the sentence exists, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998).

We also note the judgment states the statute for the offense is "481.134 Health and Safety Code," which defines drug-free zones. Appellant was convicted for possession with intent to deliver cocaine in a drug-free zone, pursuant to section 481.112 and 481.134 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), 481.134(a)(3).

Accordingly, we modify the judgment to include the $5,000 fine and modify the section entitled "statute for offense" to show "481.112, 481.134 Health and Safety Code." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

We affirm the trial court's judgment as it is modified.

Do Not Publish
TEX. R. APP. P. 47
150567F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEMARCUS ANTONIO TAYLOR,
Appellant

No. 05-15-00567-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F14-57392-S).
Opinion delivered by Justice Whitehill,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "481.112, 481.134 Health and Safety Code."

The section entitled "Fine" is modified to show "$5,000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 25, 2015.