**Opinion issued April 9, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-00174-CR**

———————————

**DONALD WAYNE HEROD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1152281**

---

## MEMORANDUM OPINION

A jury found appellant, Donald Wayne Herod, of the felony offense of driving while intoxicated, third offense.[1]  After finding true the allegations in two enhancement paragraphs that appellant had twice been previously convicted of a

---

[1]    *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b).

felony offense, the trial court, on October 31, 2008, assessed appellant's punishment at confinement for fifty years. Appellant appealed the judgment of conviction, which this Court affirmed.[2]

On February 9, 2024, appellant, incarcerated and proceeding pro se, filed a "Notice of Appeal of This Void Sentence." In his pro se notice of appeal, appellant stated that under Texas case law, "the enhanced sentence" assessed by the trial court was "void and [could] be raised at any time."

We dismiss the appeal for lack of jurisdiction.

## Jurisdiction

Since filing his notice of appeal, appellant has filed several letters and motions with the Court. In his filings, appellant argues that his sentence was "void" because the trial court improperly considered enhancement paragraphs in determining his sentence. Appellant further asserts that this issue "may be raised at any time." *See Ex parte Beck*, 922 S.W.2d 181, 183 (Tex. Crim. App. 1996) (holding defect which renders sentence void may be raised at any time). However, for the reasons below, the Court lacks jurisdiction over appellant's February 9, 2024 notice of appeal.

Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex.

---

[2] *See Herod v. State*, No. 01-08-00908-CR, 2010 WL 1981577, at *5 (Tex. App.—Houston [1st Dist.] May 13, 2010, pet. ref'd) (mem. op.) (not designated for publication).

Crim. App. 2018).  But we cannot exercise jurisdiction over an appeal without a timely filed notice of appeal.  *See* TEX. R. APP. P. 26.2(a); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).  And "[c]ourts always have jurisdiction to determine their own jurisdiction."  *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted).

A defendant's notice of appeal is timely if it is filed within thirty days after the date the sentence is imposed or suspended in open court, or within ninety days after the date the sentence is imposed or suspended in open court if the defendant files a motion for new trial.  TEX. R. APP. P. 26.2(a); *see Bayless v. State*, 91 S.W.3d 801, 806 (Tex. Crim. App. 2002).  The time for filing a notice of appeal can also be extended if, within fifteen days of the deadline for filing the notice of appeal, a defendant files his notice of appeal in the trial court and a motion for extension of time that complies with Texas Rule of Appellate Procedure 10.5(b) in the appellate court.  *See* TEX. R. APP. P. 10.5(b), 26.3; *Lair*, 321 S.W.3d at 159; *see also Olivo*, 918 S.W.2d at 522 (requiring both notice of appeal and motion for extension to be filed within fifteen days of original due date for notice of appeal).

Here, the trial court signed and entered its judgment on October 31, 2008.  Accordingly, any notice of appeal was due to be filed with the trial court within thirty

days after the entry of the trial court's judgment, namely, on or before December 1, 2008. Appellant's February 9, 2024 notice of appeal is therefore not timely filed. Accordingly, we lack jurisdiction to address the merits of his appeal and can take no other action than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Despite this, as noted above, appellant asserts that "the enhanced sentence" assessed by the trial court "was void" and a defect which renders a sentence void may be raised at any time. But, to challenge a defective judgment or illegal sentence, a defendant must file a post-conviction application for writ of habeas corpus, not an untimely notice of appeal from the trial court's judgment of conviction. *See Ex parte Beck*, 922 S.W.2d at 181; *see also Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) ("We have long held that a claim of an illegal sentence is cognizable on a writ of habeas corpus.").

Here, appellant has not filed a post-conviction application for writ of habeas corpus but has instead filed a direct appeal. And even assuming we could construe appellant's notice of appeal as a post-conviction application for writ of habeas corpus, the Court would still lack jurisdiction. Generally, appellate courts lack original jurisdiction to grant a writ of habeas corpus in a criminal case, as such jurisdiction is vested in the Texas Court of Criminal Appeals, the district courts, county courts, or a judge in those courts. *See* TEX. GOV'T CODE ANN. § 22.221(d);

4

TEX. CODE CRIM. PROC. ANN. art. 11.05. Further, specifically with respect to requests for post-conviction applications for writ of habeas corpus, "[i]t is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Padieu v. Fifth Court of Appeals*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (internal quotations omitted); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).