**Ex parte Anthony Devon HODGES.**

No. 72351.

Court of Criminal Appeals of Texas.

May 8, 1996.

Anthony Devon Hodges, Pro Se.

Jeffery Herrington, District Attorney, Palestine, Robert A. Huttash, State's Atty., Austin, for State.

*OPINION*

PER CURIAM.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was indicted for possession of cocaine of less than one gram, a state jail felony offense pursuant to V.T.C.A. Health & Safety Code, § 481.115(b), alleged to have been committed on October 21, 1994 in Anderson County. On June 21, 1995, in a non-jury trial, applicant pled guilty to the charged offense, and true to the enhancement paragraphs. Punishment was assessed by the trial judge at twenty-five years imprisonment. No appeal was taken from this conviction.

Applicant contends, inter alia, that the punishment assessed exceeds the statutory

maximum. "We have long held that a defect which renders a sentence void may be raised at any time." *Heath v. State,* 817 S.W.2d 335, 336 (Tex.Cr.App.1991). *See also Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Cr. App.1979) (Habeas corpus relief will issue to a person in custody under a sentence which is void because the punishment is unauthorized), *Ex parte Harris,* 495 S.W.2d 231, 232 (Tex.Cr.App.1973) and *Ex parte White,* 659 S.W.2d 434, 435 (Tex.Cr.App.1983). Applicant was convicted of a state jail felony, then enhanced as an habitual offender under V.T.C.A. Penal Code § 12.42(d).

At the time that Applicant committed the offense, Texas law provided that a state jail felony could not be enhanced under § 12.42(d). *State v. Mancuso,* 919 S.W.2d 86 (Tex.Cr.App.1996). Therefore, Applicant's sentence of 25 years exceeds the statutory maximum and is unlawful.

Relief is granted. The judgment in cause number 23665 in the 3rd District Court of Anderson County is set aside and Applicant is remanded to the trial court for a new assessment of punishment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.