IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,937





 

EX PARTE MARK ALLEN BRUNSON, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM TARRANT COUNTY






 Per Curiam.



OPINION


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code of
Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Pursuant
to a plea agreement with the State, Applicant was charged by information with the state jail
felony offense of theft of a motor vehicle, the value of which was $1,500 or more, but less
than $20,000. Additionally, the information contained an enhancement paragraph alleging that
Applicant had previously been finally convicted of a felony offense that was listed in Article
42.12, Section 3g(a)(1) of the Texas Code of Criminal Procedure or for which the judgment
contained a deadly weapon finding under Article 12.42, Section 3g(a)(2) of the Texas Code of
Criminal Procedure. Pursuant to a plea agreement with the State that provided that the State
would recommend a sentence of ten years imprisonment in exchange for Applicant's plea of
guilty and plea of true to the allegation contained in the enhancement paragraph, Applicant was
convicted of theft of a vehicle, the value of which was $1,500 or more, but less than $20,000. 
Following the State's recommendation on punishment, the court then sentenced him to ten
years imprisonment. Applicant did not perfect an appeal. 

 Applicant filed the instant application alleging, among other things, that his sentence
is illegal because, due to the ineffective assistance of counsel, it was improperly enhanced
under Section 12.35(c)(2) of the Texas Penal Code. Applicant claims that his prior conviction
for robbery by threats was not a conviction listed in Article 42.12, Section 3g(a)(1) of the
Texas Code of Criminal Procedure and that the judgment for that conviction did not contain
an affirmative deadly weapon finding under Section 42.12, Section 3g(a)(2) of the Texas Code
of Criminal Procedure.

 Adopting the State's proposed findings of facts and conclusions of law, the trial court
has determined that Applicant is entitled to habeas corpus relief. In doing so, the trial court
stated that "Applicant's state jail felony sentence was improperly enhanced by a non-aggravated,
non-3g offense without an affirmative finding of a deadly weapon." After a review of the
record, we agree with the trial court's determination and find that Applicant is entitled to
habeas corpus relief due to the ineffective assistance of trial counsel. State v. Mancuso, 919
S.W.2d 86, 88 (Tex. Crim. App. 1996) ("under the plain language of § 12.35, in all non-subsection (c) situations the defendant shall be punished under subsections (a) and (b)."); Ex
parte Hodges, 921 S.W.2d 239, 240 (Tex. Crim. App. 1996). The judgment and sentence in
cause number 069919W from the 213th Judicial District Court of Tarrant County, Texas, is
vacated and Applicant is remanded to the custody of the Sheriff of Tarrant County to answer
to the indictment. Ex parte Beck, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996). 

 A copy of this opinion shall be sent to the Department of Criminal Justice, Institutional
Division.


DO NOT PUBLISH

DELIVERED: April 21, 2004