72,829-04

---

**TO:**    Texas Court of Criminal Appeals

**FROM:**  William Whittington Roberts (defendant)

**DATE:**  December 15th 2014

**IN RE:**  WR-72-829-04...Original Cause# D-1-DC-07-206717

---

### MOTION FOR RECONSIDERATION

I hereby request that your court reconsider ground 2 in the habeas Corpus petition. Judge Kennedy was reported to the Judicial Conduct Committee. She has been completely bias and unconstitutional throughout the entire proceedings. Ground 2 alleges that the sentence was illegal because it exceeded the 2 year maximum proscribed by law. She refused to recognize this ground in my habeas corpus petition and completely ignored the claim in her statement of fact and conclusion of law. I was never given an indictment and did not have the facts necessary to raise this complaint. District Court refused to give me the transcripts during my incarceration. Enclosed is a copy of **ground 2** "Illegal sentence".

MOTION DISMISSED
DATE: 1-5-15
BY: PC

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2014

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2014

Abel Acosta, Clerk

# Legal Argument 2

Trial Counsel failed to research the law. This allowed the Grand Jury to error by neglecting to calculate the element of "attempt: and improperly charging Roberts with a 3rd degree felony. The Alleged crime by statutory construction was a state jail Felony. This defect in the indictment resulted in Roberts doing 5 years longer than the statutory maximum. The sentence is illegal.

Roberts was charged with attempt to obtain a controlled substance by fraud. Texas Health and Safety Code art.481.129 a(4)a. The alleged crime by statutory construction was a state Jail Felony. And by application of Texas Penal Code art. 15.01 should have been calculated as such. art.15.01(d) states " an offense under this section is one category lower than the offense attempted and if the offense attempted is a State Jail felony then the offense is a class A misdemeanor.

The Grand Jury erred by neglecting to calculate the element of attempt and improperly charged Roberts with a 3rd Degree Felony. Then Trial Court added the enhancement provisions making it a 2nd degree felony. This defect in the Indictment effected the proper administration of justice and resulted in Roberts being charged with an offense that was much more severe than the alleged offense. A State Jail Felony cannot be enhanced unless their two prior felony convictions. In this case, Roberts only has one.

1. The indictment Lacks jurisdiction due to the defect in showing the proper offense

2. The sentence is illegal

Texas Code of Criminal Procedures art. 21.19 "Defects of Form" " An indictment shall not be held insufficient nor shall the trial, judgment or other proceeding thereon be affected by reason of any defect of form which does not prejudice the substantial rights of the defendant".

Texas Code of Criminal Procedures art. 27.08 "Exception to Substance of Indictment" "There is no exception to the substance of an indictment or Information except":
4. that it shows upon its face that the court trying the case has no jurisdiction.

<u>Studer v State 799 SW 2d 263,267</u> (Tex. Crim. App. 1990) a substance defect is considered a fundamental error since a charging instrument with such a defect failed to confer jurisdiction upon the trial court and any conviction had upon that instrument was void this court has used the term substance defect, fundamental error and fatally defective interchangeably when addressing errors in charging instruments which lead to void convictions. @ 268. A substance defect is among other things a failure to allege an element of an offense in the charging interment.

<u>Ex Parte David Allen Rich AP-75112</u> (June 7, 2006) "a defect that renders a sentence void may be raised at anytime" Rich citing <u>Heath V State 817 Sw2d 335,336</u> "We have held that a sentence that is outside the maximum or minimum range is unauthorized by law and therefore Illegal". Rich citing <u>mizell, 119 SW 3d@ 806.</u>

<u>Ex Parte Robert Thomas Miller 921 SW 2d 239</u> (Tex Crim App. 1996) The applicant in Miller obtained relief because his sentence exceeded the statutory maximum due to a defect that rendered his sentence Void. The circumstances in Roberts case are almost Identical. The only difference is Roberts didn't discover the mistake until he was released on Parole and most of his sentence was completed.

Trial counsel made this error and many others during her tenure of this case. Counsel's actions blocked the truth and made the trial completely one sided. In the American Justice System attorneys go through rigorous training and education in order to learn the law so they can effectively represent a Defendant. Counsel ignorance of the law and failure to investigate the elements of the offense resulted in Roberts doing 5 years longer than the Statutory maximum for a State Jail Felony. If not for counsels deficient performance the outcome at trial would have been different.

Text