PD-1283-15

PD-1283-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/28/2015 12:00:00 AM
Accepted 9/30/2015 1:28:35 PM
ABEL ACOSTA
CLERK

No. PD-_____-15

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## AT AUSTIN, TEXAS

_____

## MILTON RAY CRAWFORD, Appellant

*v.*

## THE STATE OF TEXAS

_____

## ON PETITION FOR DISCRETIONARY REVIEW
## FROM THE DECISION BY THE TENTH COURT OF APPEALS
## IN CAUSE NUMBER 10-14-00127-CR

_____

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

**Richard E. Wetzel**
**State Bar No. 21236300**

**1411 West Avenue, Suite 100**
**Austin, Texas 78701**

**(512) 469-7943 - telephone**
**(512) 474-5594 - facsimile**
**wetzel_law@1411west.com - email**

**Attorney for Appellant**
**Milton Ray Crawford**

FILED IN
COURT OF CRIMINAL APPEALS

September 30, 2015

ABEL ACOSTA, CLERK

## Identity of Parties and Counsel

| | |
|---|---|
| Appellant: | Milton Ray Crawford |
| Trial Counsel for Appellant: | Mark Maltsberger<br>Attorney at Law<br>219 E. William J. Bryan Pkwy.<br>Bryan, TX<br>77803 |
| Appellate Counsel for Appellant: | Richard E. Wetzel<br>Attorney at Law<br>1411 West Ave.<br>Suite 100<br>Austin, TX<br>78701 |
| Appellee: | The State of Texas |
| Trial and Counsel for Appellee: | Jason Goss<br>Kara Comte<br>Assistant District Attorneys<br>300 E. 26th Street<br>Bryan, TX<br>77803 |
| Appellate Counsel for Appellee: | Doug Howell<br>Assistant District Attorney<br>300 E. 26th Street<br>Bryan, TX<br>77803 |
| Trial Judge: | Hon. Travis Bryan, III<br>272nd District Court<br>Brazos County, Texas |

**Table of Contents**

Page

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . iv

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . .1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . .1

Statement of Procedural History . . . . . . . . . . . . . . . . . . . . . . . . .2

Question for Review . . . . . . . . . . . . . . . . . . . . . . . . .2

Argument in Support of Question for Review . . . . . . . . . . . . . . . . . . . . . . . .2

Is TEX. CRIM. PROC. CODE art. 62.102(c) the exclusive enhancement of punishment provision for an offender who repeatedly or habitually fails to register as a sex offender?

Prayer . . . . . . . . . . . . . . . . . . . . . . . .7

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . .8

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . .9

Appendix . . . . . . . . . . . . . . . . . . . . . . . .9

# Index of Authorities

**Page**

**Cases**

*Barker v. State*, 335 S.W.3d 731
(Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . 5

*Beck, Ex parte,* 922 S.W.2d 181
(Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . . 5

*Cheney v. State,* 755 S.W.2d 123
(Tex. Crim. App. 1988) . . . . . . . . . . . . . . . . . . . . . . 4

*Crawford v. State,* No. 10-14-00127-CR
(Tex. App. – Waco 2015, pet. pending) . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Dillehey v. State,* 815 S.W.2d 623
(Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . 4

*Ford v. State*, 334 S.W.3d 230
(Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . . . . . 4

*Harris, Ex parte,* 495 S.W.2d 231
(Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . . . . . . 6

*Heath v. State,* 817 S.W.2d 335
(Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . 5

*McIver, Ex parte,* 586 S.W.2d 851
(Tex. Crim. App. 1979) . . . . . . . . . . . . . . . . . . . . . . 5

*Miller, Ex parte,* 921 S.W.2d 239
(Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . . 5

*Mikel v. State,* 167 S.W.3d 556
(Tex. App. - Houston [14th Dist.] 2005, no pet.) . . . . . . . . . . . . . . . . . . . . . . 6

*Mizell v, State*, 119 S.W.3d 804
(Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . 6

*Reyes v. State*, 96 S.W.3d 603
(Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Rich, Ex parte,* 194 S.W.3d 508
(Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . 7

*Sanders v. State,* 785 S.W.2d 445
(Tex. App. – San Antonio 1990, no pet.) . . . . . . . . . . . . . . . . . . . . . . 6

*State v. Mancuso,* 919 S.W.2d 86
(Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . . 4

*White, Ex parte,* 659 S.W.2d 434
(Tex. Crim. App. 1983) . . . . . . . . . . . . . . . . . . . . . . 5

## Statutes

TEX. CRIM. PROC. CODE art. 62.058(a) . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. CRIM. PROC. CODE art. 62.102(a) . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. CRIM. PROC. CODE art. 62.102(b)(2) . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. CRIM. PROC. CODE art. 62.102(c) . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. GOV'T CODE § 311.021 . . . . . . . . . . . . . . . . . . . . . . 4

TEX. GOV'T CODE § 311.026(a) . . . . . . . . . . . . . . . . . . . . . . 4

TEX. GOV'T CODE § 311.026(b) . . . . . . . . . . . . . . . . . . . . . . 4

TEX. PEN. CODE § 12.33 . . . . . . . . . . . . . . . . . . . . . . 3

TEX. PEN. CODE § 12.42(d) . . . . . . . . . . . . . . . . . . . . . . *passim*

## Rules

TEX. R. APP. P. 9.4 . . . . . . . . . . . . . . . . . . . . . . . . .8

TEX. R. APP. P. 66.3(b) . . . . . . . . . . . . . . . . . . . . . . . .7

## Statement Regarding Oral Argument

Argument is requested in the event his petition for discretionary review is granted. The question presented on discretionary review is both legally complex and factually intensive. Argument would be of assistance to the court in the decisional process.

## Statement of the Case

Milton Ray Crawford was indicted by a Brazos County grand jury for committing the offense of failing to verify his sex offender registration on an annual basis on or about March 9, 2012 (CR 6). *See* TEX. CRIM. PROC. CODE arts. 62.058(a), 62.102(a), and 62.102(b)(2). The indictment additionally alleged two prior convictions for failing to register as a sex offender for enhancement of punishment (CR 6). *See* TEX. PEN. CODE § 12.42(d). A jury was selected and sworn (9 RR 241, 10 RR 31). Crawford entered a plea of not guilty to the indicted offense (10 RR 31). The jury found Crawford guilty of the offense alleged in the indictment (11 RR 172). Crawford elected for the jury to assess punishment (CR 157). He entered pleas of true to the prior convictions alleged for enhancement of punishment (11 RR 207). The jury found the prior convictions true and assessed punishment at 85 years in prison (12 RR 109). Crawford was sentenced in open

court (12 RR 112).  The trial court certified Crawford's right to appeal (CR 164).

Notice of appeal was timely filed (CR 196).

## Statement of Procedural History

Five points of error were presented on direct appeal.  The Court of Appeals

affirmed Crawford's conviction and sentence in an unpublished opinion.  *Crawford*

*v. State*, No. 10-14-00127-CR (Tex. App. – Waco 2015, pet. pending).  No motion

for rehearing was filed.

## Question for Review

**Is TEX. CRIM. PROC. CODE art. 62.102(c) the exclusive enhancement of punishment provision for an offender who repeatedly or habitually fails to register as a sex offender?**

## Argument in Support of Question for Review

On direct appeal, Crawford claimed his sentence was illegal because it was

unlawfully enhanced under TEX. PEN. CODE § 12.42(d).  Crawford was indicted

by a Brazos County grand jury for committing the offense of failing to verify his

sex offender registration on an annual basis on or about March 9, 2012 (CR 6).

*See* TEX. CRIM. PROC. CODE arts. 62.058(a), 62.102(a), and 62.102(b)(2).  The

indictment additionally alleged two prior convictions for failing to register as a sex

offender for enhancement of punishment (CR 6).  *See* TEX. PEN. CODE § 12.42(d).

Crawford entered pleas of true to the prior convictions alleged for enhancement of punishment (11 RR 207). The court charged the jury the applicable range of punishment was 25 to 99 years or life in prison (CR 171). The jury found the prior convictions true and assessed punishment at 85 years in prison (12 RR 109).

Crawford maintains his sentence was improperly enhanced because enhancement was only available under the special and specific enhancement provision for a repeat or habitual offender found guilty of a failure to register as a sex offender under TEX. CRIM. PROC. CODE art. 62.102(c). The statute provides;

> If it is shown at the trial of a person for an offense or an attempt to commit an offense under this article that the person has previously been convicted of an offense or an attempt to commit an offense under this article, the punishment for the offense or attempt to commit the offense is increased to the punishment for the next highest degree of felony.

Here, Crawford was indicted for a third degree felony offense under TEX. CRIM. PROC. CODE art. 62.102(a)(2). In view of his prior convictions for failing to report as a sex offender, the applicable range of punishment was that of a second degree felony of 2 to 20 years and a fine of up to $10,000. See TEX. PEN. CODE § 12.33. Crawford submits art. 62.102(c) represents a legislative determination that those who repeatedly fail to register as sex offenders are subject to increased punishment under art. 62.102(c) but not the habitual felon punishment provisions of § 12.42(d). Indeed, this Court has recognized that in a prosecution for failing to

register as a sex offender, a prior conviction of the same nature increases the level of punishment to that of the next highest felony degree under art. 62.102(c). *See Ford v. State*, 334 S.W.3d 230, 235 (Tex. Crim. App. 2011). These arguments were brought to the attention of the trial court and rejected (11 RR 196-197).

It is presumed in the enactment of a statute that the entire statute and all words in the statute are intended to be effective, and the language therein will create a just and reasonable result. *See* TEX. GOV'T CODE § 311.021. If a general provision conflicts with a specific provision, the provisions shall be construed, if possible, so that effect is given to both. TEX. GOV'T CODE § 311.026(a); *Dillehey v. State,* 815 S.W.2d 623, 632 (Tex. Crim. App. 1991); *Cheney v. State,* 755 S.W.2d 123, 126 (Tex. Crim. App. 1988). If the statutes are unable to be reconciled, the specific statute will prevail as an exception to the general statute, unless the general statute is the later enactment and the manifest intent is that the general provisions prevail. TEX. GOV'T CODE § 311.026(b); *State v. Mancuso,* 919 S.W.2d 86, 88 (Tex. Crim. App. 1996). *See Reyes v. State*, 96 S.W.3d 603, 605 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Crawford maintains art. 62.102(c) can be reconciled with § 12.42 by following the legislative mandate within art. 62.102(c) that it is the exclusive enhancement of punishment provision for those repeatedly convicted of failing to

register as a sex offender.  Alternatively, if the statutes cannot be reconciled, then the later enacted specific statute of art. 62.102(c) should prevail as an exception to the general enhancement of punishment statute within § 12.42(d).

In the Court of Appeals, Crawford acknowledges there is authority against his current argument in both *Barker v. State*, 335 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) and *Reyes,* 96 S.W.3d at 605.  Crawford submits both cases were wrongly decided and the gratuitous comments concerning the interplay between art. 62.102(c) and § 12.42(d) were dicta because the prior enhancing convictions in both of those cases were not, as in Crawford's case, for failing to register as a sex offender.  In *Barker*, punishment was enhanced with an aggravated assault conviction and in *Reyes*, punishment was enhanced with burglary and aggravated assault convictions.  *Id*.  The Court of Appeals disagreed with Crawford's challenges to *Barker* and *Reyes* upon finding they do not "misstate the law."  *Crawford*, slip op. at 4.

A defect which renders a sentence void may be raised at any time.  *Ex parte Beck,* 922 S.W.2d 181 (Tex. Crim. App. 1996) (citing *Heath v. State,* 817 S.W.2d 335, 336 (Tex. Crim. App. 1991) (opinion on original submission)); *see also Ex parte Miller,* 921 S.W.2d 239 (Tex. Crim. App. 1996); *Ex parte White,* 659 S.W.2d 434, 435 (Tex. Crim. App. 1983); *Ex parte McIver,* 586 S.W.2d 851 (Tex. Crim.

App. 1979); *Ex parte Harris,* 495 S.W.2d 231, 232 (Tex. Crim. App. 1973). In fact, there has never been anything in Texas law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence, no matter when or how the relief was sought. *Mizell v. State*, 119 S.W.3d 804 (Tex. Crim. App. 2003).

Furthermore, Crawford did not forfeit his claim by pleading true to the enhancement paragraphs at the punishment hearing. Despite the general rule that a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction, there is an exception when the record affirmatively reflects that the enhancement is itself improper. The exception originated in *Sanders v. State,* in which the Fourth Court of Appeals held that a prior non-final conviction could not be used to enhance punishment even where the defendant had pleaded true to the enhancement paragraph characterizing the prior offense as final. 785 S.W.2d 445, 448 (Tex. App. – San Antonio 1990, no pet.). In the interest of justice, the court of appeals set aside the defendant's enhanced punishment and remanded the case to the trial court for the proper assessment of punishment. *Id.* Similarly, the Fourteenth Court of Appeals applied this exception to a case in which the offenses used for enhancement did not occur in the sequence alleged by the indictment. *Mikel v.*

*State,* 167 S.W.3d 556 (Tex. App. - Houston [14th Dist.] 2005, no pet.) (even though the defendant pleaded true at the punishment hearing, the court of appeals concluded that the evidence was legally insufficient to prove the allegations in the improper enhancement paragraph and remanded the case for a new punishment hearing.). The Court of Criminal Appeals has expressed approval of the no forfeiture by a plea of true opinions in *Sanders* and *Mikel. See Ex parte Rich,* 194 S.W.3d 508, 514 (Tex. Crim. App. 2006).

Here, Crawford's sentence was improperly enhanced under § 12.42(d). A sentence of 85 years exceeds the lawful punishment which may be imposed for an offense punished as a second degree felony. The Court of Appeals should have vacated Crawford's unlawful sentence and remanded the case for a new punishment proceeding in which a lawful sentence within the range of a second degree felony could be imposed.

Crawford submits the question presented in an important question of state law that has not been, but should be, settled by this Court. *See* TEX. R. APP. P. 66.3(b).

**Prayer**

Wherefore, premises considered, Milton Ray Crawford prays this Honorable Court will grant this petition for discretionary review, reverse the judgment of the

Court of Appeals, remand to the trial court for a new punishment hearing, or enter any other relief appropriate under the facts and the law.

Respectfully submitted,

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue
Suite 100
Austin, TX 78701

(512) 469-7943
(512) 474-5594 – facsimile
wetzel_law@1411west.com

Attorney for Appellant
Milton Ray Crawford

## Certificate of Compliance

This pleading complies with TEX. R. APP. P. 9.4. According to the word count function of the computer program used to prepare the document, the pleading contains 1,372 words excluding the items not to be included within the word count limit.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

## Certificate of Service

This is to certify that a true and correct copy of the foregoing pleading was mailed to counsel for the State, Doug Howell, Assistant District Attorney, at his email address of dhowell@co.brazos.tx.us and Lisa McMinn, State Prosecuting Attorney, at her email address of information@spa.texas.gov on this the 27th day of September, 2015.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

## Appendix



IN THE
TENTH COURT OF APPEALS

No. 10-14-00127-CR

MILTON RAY CRAWFORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 13-04461-CRF-272

MEMORANDUM  OPINION

In 1984, Appellant Milton Ray Crawford pled guilty to the offense of sexual assault and was sentenced to fifteen years in prison.  Thereafter, he had two felony convictions for failing to register as a sex offender, the second one being in Brazos County in 2009. Crawford registered in 2009, 2010, and 2011.  In 2013, Crawford was indicted for the third-degree felony offense of failing to comply with sex-offender registration.  *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West Supp. 2014).  The indictment alleged the two prior convictions for failing to register as enhancements.

Crawford testified that he thought that sex-offender registration was unfair to him because it had not been required in 1984, and that in 2011, he received legal advice from a legal-aid line that he did not have to register. He also believed that sex-offender registration was not applicable because his conviction was not for the offense of indecency with a child. In August of 2011, Crawford told Carla Field, who is responsible for sex-offender registration in Brazos County, that he would no longer register, and she told him that he was required to register for the rest of his life. Crawford admitted that he did not register in March of 2012, which led to the instant charge. A jury found Crawford guilty. He pled true to the two prior convictions, and the jury, after finding the prior convictions true, assessed an 85-year prison sentence. Asserting five issues, Crawford appeals.

In his first issue, Crawford contends that the 85-year sentence is illegal because the punishment range was improperly enhanced under Penal Code section 12.42(d), which provides a punishment range of 25 to 99 years or life for habitual offenders:

> (d) Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014). In his second issue, Crawford asserts that he was harmed by the improper enhancement because the jury was

improperly charged on the punishment range; instead, he asserts that enhancement should have been to a second-degree felony.

Crawford asserts that enhancement could only be done under article 62.102(c), which provides:

> If it is shown at the trial of a person for an offense or an attempt to commit an offense under this article that the person has previously been convicted of an offense or an attempt to commit an offense under this article, the punishment for the offense or the attempt to commit the offense is increased to the punishment for the next highest degree of felony.

TEX. CODE CRIM. PROC. ANN. art. 62.102(c).

Crawford acknowledges that two of our sister courts have addressed this issue adversely to his position but contends that they were wrongly decided or dicta. *See Reyes v. State*, 96 S.W.3d 603, 605 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) ("As such, article 62.10(c) [now 62.102(c)] provides a very specific exception to the general enhancement statute, but does not otherwise preclude the application of section 12.42.").

> Appellant also argues that section 12.42(b) cannot be used to enhance his punishment because article 62.102 includes a unique punishment-enhancement section. Article 62.102(c) provides that an offender's punishment level is increased to the next highest felony if he is found guilty of a failure-to-register offense and has previously been convicted of a failure-to-register offense. TEX. CODE CRIM. PROC. ANN. art. 62.102(c). The Court of Criminal Appeals recently agreed that article 62.102(c) is a punishment-enhancement provision and does not enhance the offense level of the charged offense. *See Ford*, 334 S.W.3d at 231-35. However, article 62.102(c) is not implicated in appellant's case because his punishment was not enhanced by a prior failure-to-register conviction, but by his prior aggravated-assault conviction. Moreover, we reject appellant's contention that inclusion of subsection (c) to article 62.102 precludes the application of section 12.42(b) to enhance a defendant's punishment for a failure-to-register conviction. *We agree that a prior failure-to-register conviction could have been used to enhance appellant's punishment to a first-degree felony under either article 62.102(c) or section 12.42(b).* Thus, there is some overlap

between these statutes. However, *punishment enhancement under article 62.102(c) is not merely repetitive of that provided by section 12.42.* For example, *although article 62.102(c) provides for punishment enhancement to the next highest felony degree when the defendant has one prior failure-to-register conviction, under certain subsections of section 12.42, punishment for a failure-to-register conviction may be enhanced only if the defendant has two prior felony convictions. Compare* TEX. CODE CRIM. PROC. ANN. art. 62.102(c), *with* TEX. PENAL CODE ANN. § 12.42(a)(1), (2). Furthermore, *nothing in article 62.102(c) suggests that it is the exclusive provision governing punishment enhancement for a failure-to-register conviction.* Accordingly, we reject appellants argument that article 62.102(c) precluded the State's use of section 12.42(b) to enhance his punishment. *See Reyes v. State,* 96 S.W.3d 603, 605 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (rejecting similar argument concerning former version of article 62.102(c) and expressing "article 62.10(c) [predecessor of article 62.102] provides a very specific exception to the general enhancement statute, but does not otherwise preclude the application of section 12.42"). We conclude that appellant's offense level for punishment was properly enhanced from a second-degree felony to a first-degree felony pursuant to section 12.42(b). *See* TEX. PENAL CODE ANN. § 12.42(b).

*Barker v. State,* 335 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd)

(emphases added).

We are not persuaded that *Barker* and *Reyes* misstate the law. We hold that

Crawford's sentence is not illegal and that he was not harmed. Issues one and two are

overruled.

In issue three, Crawford asserts that the trial court abused its discretion by

allowing Crawford's 1984 sexual-assault conviction "to serve quadruple duty in his

conviction and punishment assessed."[1] Largely relying on *Ballard v. State,* 149 S.W.3d 693

(Tex. App.—Austin 2004, pet. ref'd), Crawford contends that "having used Crawford's

---

[1] Crawford alleges that the "quadruple duty" consisted of the 1984 sexual-assault conviction first serving as the reportable conviction that gave rise to his duty to register. Second, it served as the sexually violent offense that determined the term and frequency of his duty to register and thus made his failure to comply a third-degree felony. The third and fourth duties were its serving as the basis on which prosecution was brought for the two prior failure-to-register convictions.

1984 sexual assault conviction to prove that he had a duty to register as a sex offender (to prove, in other words, that Crawford had the status of being required to register), the State could not also use that conviction or a conviction derived therefrom to enhance his punishment."

But as the State points out, in *Ballard*, the court held that the prohibited use of the underlying sexual-assault conviction was as one of the two prior felony convictions to punish the appellant as a habitual offender under Penal Code section 12.42(d). *Id.* at 696. Crawford's underlying sexual-assault conviction was not used to enhance his punishment, as had been done in *Ballard*. We thus overrule issue three.

Issues four and five contend that the trial court abused its discretion by failing to grant a mistrial when the State twice allegedly made improper arguments in the punishment phase. Proper jury argument includes: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law enforcement. *York v. State,* 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd) (citing *Jackson v. State,* 17 S.W.3d 664, 673 (Tex. Crim. App. 2000)).

> The denial of a motion for mistrial, appropriate for "highly prejudicial and incurable errors," is reviewed for abuse of discretion. *Simpson v. State,* 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). We consider three factors when determining whether the trial court abused its discretion in overruling a motion for mistrial during punishment: (1) the severity of the misconduct (prejudicial effect); (2) curative measures; and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Perez v. State*, 187 S.W.3d 110, 112 n.1 (Tex. App.—Waco 2006, no pet.) (quoting *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)).

*Id.* at 716.

In issue four, Crawford alleges that the State improperly argued that the jury should apply parole law to any sentence assessed against Crawford. In the punishment phase, the prosecutor argued:

> So, I'm going to tell you right now, we're asking for the high end of this sentence; and I'm going to take this time because the question will come up during your deliberations, I anticipate, what's the difference between 99 years and life? The difference is that with the 99-year sentence, it is mathematically possible that he could get off of parole. With life, it's not.

Crawford objected, and the trial court sustained the objection and instructed the jury to disregard the statement. Crawford then moved for a mistrial, which the trial court denied.

Citing an unpublished opinion, the State contends that the argument was not improper.[2] The State alternatively argues that the instruction to disregard cured any error. We assume without deciding that the argument was improper, but we find that, because the trial court's prompt instruction to disregard cured any error, denying the motion for mistrial was not an abuse of discretion. *See* at 716-17. Issue four is overruled.

In issue five, Crawford asserts that the trial court abused its discretion by failing to grant a mistrial when the State allegedly made an improper argument about Crawford being a danger to every child he is around. In the punishment phase, the prosecutor argued:

> You know what kind of man he is. You know where he belongs. Because on the streets of our community, he is nothing but a danger to

---

[2] *Sepulveda v. State,* No. 13-07-00627-CR, 2009 WL 1677530 (Tex. App.—Corpus Christi Feb. 12, 2009, pet. ref'd) (mem. op., not designated for publication).

every single person he comes into contact with, to every single female that walks the streets, to every child that he's around, he is a danger. Not only because - -

The trial court sustained Crawford's objection that the argument about children was outside the evidence and promptly instructed the jury to disregard it. The trial court then denied Crawford's motion for mistrial.

In the punishment phase, Crawford's niece Kim testified that she had not had an objection to Crawford's possibly living with her in the past and that she would not have any concern about Crawford being around her one-year-old daughter because he had "never tried anything with us or any other family members." The State thus asserts that the argument at issue was a proper response to this testimony. We agree, and we further find that if any error occurred, it was cured by the trial court's prompt instruction to the jury to disregard it. Issue five is overruled.

Having overruled all of Crawford's issues, we affirm the trial court's judgment.


           REX D. DAVIS
           Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 24, 2015
Do not publish
[CRPM]

